Wieliam J. Began, S.
Petitioners have brought this proceeding to compel the delivery to them of certain personal medical records which allegedly were in the possession of the deceased as attending physician during his lifetime. In the alternative, petitioners have requested permission to examine and make copies of said records. The executor has refused to deliver such records to the petitioners by reason of a clause in the will of the deceased providing as follows: ‘1 tenth : I direct my Executor, above mentioned, to burn and destroy all of my office records and files without opening or examining same. ’ ’
Petitioners state that they were long-time patients of the decedent who conducted specific and general physical examinations of the petitioners and made periodic general examinations, including blood analyses, electro-cardiograms, X rays, etc. Petitioners further allege that such examinations and tests were made with the intent and understanding that they would be recorded and would become part of their permanent record and as such would always be available to the petitioners.
Petitioners contend that this is a matter of contract where the deceased party has agreed for a valuable consideration to make and preserve records and to make them available at all times to the petitioners. No proof, however, has been offered to establish an express agreement.
The executor has submitted to this court an opinion rendered in McGarry v. Mercier Co. (272 Mich. 501), pertaining particularly to X rays, wherein it was held that in the absence of agreement to the contrary, the negatives are the property of the physician or surgeon who has made them incident to treating a patient. It was therein stated (pp. 503-504) that these records are not records belonging to the patient, but constitute an important part of the physician’s clinical record in the particular case and, ‘ ‘ in the aggregate these negatives may embody and preserve much of .value incident to a physician’s or surgeon’s experience. They are as much a part of the history of the case as any other case record made by a physician or a surgeon.” The question in the Michigan case was, as here, one of first impression. The executor has also referred to American Jurisprudence (vol. 41, Physicians and Surgeons, § 77) again relating to X rays and substantially stating the same as was stated in the Michigan case.
The question raised herein is indeed unique. This court is satisfied, however, that records taken by a doctor in the exami *393 nation and treatment of a patient become property belonging to the doctor. Generally speaking, an individual does not seek out a doctor for the purpose of obtaining records for his personal use, but seeks the personal services of his physician in the area of examination, diagnosis and treatment. The cost of X rays, cardiograms, etc. and the reports thereof, although paid by the patient, are records supplied to the physician for his personal use in connection with the examination, diagnosis and treatment of the patient. The records and notes that accordingly come into the possession of the physician constitute a history of the case of benefit only to a physician as part of his clinical record concerning a particular patient. Under the circumstances, should the patient be deprived of the benefit of whatever notes and records that were maintained by an attending physician in those situations where the patient seeks the services of another physician? In this regard the urgency of certain situations, and particularly the best interest of the patient, must be considered.
References to the Education Law, the American Medical Association and local medical societies indicate to this court that physicians are placed on a high level of professional conduct. The canons of professional ethics applicable to the medical profession regulate professional conduct, with the thought at all times that the best interest of the patient must be safeguarded.
Even our own Judiciary Law which contains “ Standards of Practice for Doctors and Lawyers ”, in the appendix thereof under ‘1 General ’ ’ states as follows: ‘1 These standards are founded upon principles in the Canons of Ethics of the New York State Bar Association, the principles of professional conduct of the Medical Society of the State of New York, and in the law of the land. ’ ’ They govern the relationship that should exist between lawyer and doctor, particularly in those situations where medical reports and doctors’ reports are to be used by a lawyer in the prosecution of his client’s personal injury action. It is of particular significance to this court that upon the request of his patient the lawyer should be supplied with the doctor’s records and that such records should be accurate, complete and dated; that it is the doctor’s responsibility to comply as fully and promptly as possible with the request for a medical report.
Excerpts from the Principles of Professional Conduct set forth by the American Medical Association provide as follows:
“ 3. RECORDS OP PATIENTS AND SUCCEEDING PHYSICIANS At the request of the patient, preferably in writing, reports should *394 be immediately sent to the doctor then in charge of the patient. The diagnosis of the patient’s ailment is paramount in arriving at the proper treatment to be rendered, and all information which aids the physician should be furnished so that proper treatment or advice can be given without delay. Whether the contents of the report are to be given to the patient rests with the decision of the doctor who knows all the circumstances involved in the situation. (House of Delegates, 1946)
“ 4. copy op physician’s record to patient The Judicial Council does not believe that Chapter II, Section 3 (1955 edition of the Principles) intends or requires that a physician give a copy of his records to his patient. These records are primarily the physician’s own notes compiled during the course of diagnosis and treatment so that he may review and study the course of the illness and his treatment. The records are medical and technical, personal and often informal. Standing alone they are meaningless to the patient but of value to the physician and perhaps to a succeeding physician. The patient, however, or one responsible for him, is entitled to know the nature of the illness and the general course or regimen of therapy employed by his physician. The extent to which the physician must advise his patient may be limited by the nature of the illness and the character of the patient. The physician in advising his patient must always act as he would wish to be treated were he in a like situation. (Judicial Council, 1956)
“ 5. copy of patient’s record to another physician The interest of the patient is paramount in the practice of medicine, and everything that can reasonably and lawfully be done to serve that interest must be done by all physicians who have served or are serving the patient. When a colleague who is presently treating a patient requests records from another physician who has formerly treated the patient, that former physician should promptly make his records available to the attending physician.
“ No set rule can be laid down to cover the manner in which the records are to be transmitted to the attending physician. Under some conditions a personal inspection of the records might suffice; under others an oral report of what is contained in the records would be of help; or in other circumstances a summary of the records might be made. In extreme cases, a physician might lend his complete record to the attending physician. The manner of making the report — or the information contained therein — ■ available to the succeeding physician is immaterial and will depend on the circumstances of each case. Certainly, however, the attending physician should not demand *395 or expect more information from the former physician than is necessary to give the patient adequate care in the present illness.
‘1 The Judicial Council assumes, of course, that proper authorization for the use of these records has been granted by the patient. (Judicial Council, 1956)
“ 6. retention of records after retirement In addition to legal requirements, there may be good reason why a physician would wish to preserve his records for some time. In many instances the patient must rely upon his physician and his physician’s records in order to establish the fact that he did receive medical care and treatment or that he has had the services of a qualified doctor of medicine. Without the physician’s records the physician who rendered the care would be unable to assist his patient. Thus, in the best interest of the patient, the physician should not indiscriminately dispose of his records but should give consideration to the type of practice he has and to the possible needs of his patients. (Judicial Council, 1960)
“ 7. disposal of records after retirement From an ethical point of view a physician is under no obligation to turn his records over to his patients. In the best interest of the patient, however, when a physician contemplates moving from a community or retiring from practice, he might notify the patients on his active list of the fact that he intends to leave and encourage the patient to seek the services of some other doctor of medicine. The physician could also suggest that, with the consent of the patient, arrangements can be made to permit a succeeding physician, designated within reasonable time by the patient, to review these records. In this way the patient’s best interests may be served. (Judicial Council, 1960.) ”
Based upon general considerations of public policy, together with a recognition of the principles of procedure as outlined by the American Medical Association, it is the opinion of this court that paragraph Tenth of testator’s will is invalid as against public policy.
Unquestionably these records might be of extreme value to a subsequent examining physician. Their destruction could have grave consequences.
It is, accordingly, the decision of this court that the specific relief demanded by the petitioners be denied in that the records and notes requested by petitioners will not be delivered to petitioners personally. The executor should make available the records and notes pertaining to the petitioners to the succeeding physician of the petitioners upon the authorized request of the petitioners.