■ RAGLAN REALTY CORP., Appellant, v TUDOR HOTEL CORP., Also Known as HOTEL TUDOR CORP., Respondent.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered May 4, 1988, which granted defendant's motion to dismiss plaintiff's third and fifth causes of action and to cancel the notice of pendency of action, dated February 11, 1988, unanimously reversed, on the law, defendant's motion denied and the notice of pendency reinstated, without costs.

Defendant, Tudor Hotel Corp. (Tudor), is the lessee of land and buildings at 302-304 East 42nd Street and 305-309 East 41st Street, which it operates as the Hotel Tudor. By agreement, dated September 17, 1987, plaintiff, Raglan Realty Corp. (Raglan), contracted to buy the leasehold from Tudor for $20,000,000. A $1,000,000 down payment was deposited into

escrow with Tudor's attorneys. The closing was scheduled for January 11, 1988 and time was made of the essence. Pursuant to the agreement, Tudor was required to convey title that was "good of record and in fact marketable and insurable." If Tudor was unable to close in accordance with the terms of the agreement, it could elect to adjourn the closing for up to 90 days by delivering a writing prior to the scheduled closing, setting forth its inability to close and the grounds therefor. In such event, all interest accrued on the down payment from the scheduled closing date to the actual date of closing would be paid to Raglan, whereas, if Raglan elected to adjourn the closing, it would be required to place an additional $1,000,000 in escrow and all interest accrued after the scheduled closing date would be paid to Tudor.

Subsequently, in response to Raglan's complaint of certain alleged defects in title, Tudor's attorneys, in a letter dated January 8, 1988, demanded that Raglan forthwith furnish a detailed itemization of all objections it had and, pending its receipt, "tentatively" adjourned the closing to February 1, 1988 "in order to afford Purchaser the opportunity to support and state the basis for any objections it may have under the Agreement and to enable Seller to review, comment upon and cure such objections if appropriate". By letter dated January 12, 1988, Raglan notified Tudor that it considered the January 8th letter ineffective in that, in addition to being untimely delivered, it failed to comply with the requirement that the notice of adjournment " 'set forth the inability of Seller to close and the grounds therefor' ". Consequently, Raglan advised Tudor that it demanded the return of the down payment plus interest and elected to cancel the agreement. Tudor, by letter dated January 14, 1988, responded that its notice was timely and complied with the contract's specificity requirements and that Raglan's election to cancel the agreement constituted an anticipatory breach of the agreement and "reveals its intentions not to close title under any circumstances". Accordingly, Tudor stated that it was entitled to retain the down payment.

This action followed, in which, in its first two causes of action, Raglan seeks return of the down payment with interest on the ground that Tudor and not it had defaulted, thereby canceling the agreement. In the alternative, in its third cause of action, Raglan, in the event that the court determines that Tudor properly adjourned the closing and is not in default under the agreement, seeks a declaration that it has not defaulted or anticipatorily breached the agreement

and is entitled to specific performance of the agreement. The fourth cause of action alleges fraud and seeks rescission of the agreement and return of the down payment, while the fifth cause alleges fraud and seeks money damages.

In dismissing the third cause of action, the IAS court found that Raglan had waived its right to close by its letter of January 12, 1988 and it cannot now bring a cause of action to compel defendant to perform under the very agreement it elected to cancel.

While Raglan's letter, on its face, seeks the return of its down payment and purports to cancel the agreement, Raglan's principal, in opposition to Tudor's motion to dismiss, alleges that Tudor, although aware of its own inability to close as scheduled, attempted to obtain the benefit of an adjournment without the intended consequences. He further contends that Raglan's cancellation of the agreement was not a waiver of its right to specific performance of the agreement, but a good-faith response to Tudor's apparent default and its improper adjournment of the closing.

It is well established that a party may plead alternative theories, even on the basis of allegations that contradict each other. *(See,* CPLR 3014; *Mitchell v New York Hosp.,* 61 NY2d 208, 218; *BBIG Realty Corp. v Ginsberg,* 111 AD2d 91.) Moreover, "[w]aiver is an intentional relinquishment of a known right and should not be lightly presumed." *(Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 968.) Where, as here, questions of intent arise which must be resolved by considering the relationship of the parties, the nature of the transaction involved and the surrounding circumstances, such factual issues should not be determined on a motion to dismiss a pleading absent notice to the parties, pursuant to CPLR 3211 (c), that the motion is being treated as one for summary judgment *(see generally, Four Seasons Hotels v Vinnik,* 127 AD2d 310).

With regard to the fifth cause of action, alleging fraud and seeking money damages, that cause was dismissed for lack of a detailed description of the circumstances constituting the alleged fraud as required by CPLR 3016. There is, however, no claim that there is any defect in Raglan's fourth cause of action, also for fraud but seeking rescission of the agreement and return of the down payment. Since Raglan's fifth cause of action repeats and realleges the specific allegations contained in the fourth cause of action, it should not have been dismissed for lack of specificity. Concur—Kupferman, J. P., Ross, Rosenberger, Smith and Rubin, JJ.