■ JEROME H. KERN et al., Appellants, v ROBERT CURRIE Assocs. et al., Respondents. [632 NYS2d 75] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about February 16, 1995, which dismissed plaintiffs' cause of action for an accounting upon the parties' respective motions for summary judgment thereon, unanimously modified, on the law, to the extent of denying defendants' cross motion for partial summary judgment and reinstating the cause of action for an accounting, and otherwise affirmed, without costs.

In addition to imposing contractual duties, a contractual relationship may give rise to fiduciary duties regardless of whether the contract itself includes specific words or language

in that regard (*see, Mandelblatt v Devon Stores*, 132 AD2d 162, 167-168). "It is fundamental that a fiduciary duty 'is not dependent solely upon an agreement or contractual relation between the fiduciary and the beneficiary but results from the relation.' " (*Northeast Gen. Corp. v Wellington Adv.*, 82 NY2d 158, 172 [Hancock, Jr., J., dissenting].) Plaintiffs' allegations that they relied on defendants' expert advice as interior designers and entrusted them with their money for the purpose of procuring furnishings that defendants helped plaintiffs select, the fact that defendants do not have a stockroom and that many of the furnishings were custom-made by the various suppliers, and language in the contract itself indicating that defendants were to act, in effect, as a middleman between plaintiffs and the suppliers, tend to refute defendants' contention that their relationship with plaintiffs was that of vendor and vendee. An issue of fact is therefore raised as to whether the relationship was in fact fiduciary in nature, such that an accounting of the money plaintiffs paid defendants would be warranted. Concur—Sullivan, J. P., Kupferman, Nardelli and Williams, JJ.