■ In the Matter of CYNTHIA L. ROCCHIO, Respondent, v CENTRUM CONSTRUCTION Co., INC., Appellant. [634 NYS2d 124] —In a proceeding pursuant to CPLR 5241 (g) to compel Cen-

trum Construction Co., Inc., to turn over to the petitioner certain funds held by it, the appeal is from an order of the Supreme Court, Westchester County (Wood, J.), entered May 27, 1994, which imposed sanctions and costs on Centrum Construction Co., Inc.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof which imposed sanctions on Centrum Construction Co., Inc., in the sum of $3,500; as so modified, the order is affirmed, with costs to the petitioner, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

Contrary to the assertions of Centrum Construction Co., Inc. (hereinafter Centrum), the court properly determined, *inter alia,* that its continued failure to pay and its meritless defense to a proceeding seeking to enforce an income execution was frivolous and warranted sanctions pursuant to 22 NYCRR part 130 in the amount of $5,000 and attorneys' fees and costs in the amount of $1,500 *(see,* 22 NYCRR part 130). However, that portion of the order which imposed sanctions of $3,500 against Centrum, to be paid to the Lawyers' Fund for Client Protection, is remitted for clarification.

A sanction is to be made payable to the Lawyers' Fund for Client Protection only when it is levied against an attorney *(see,* 22 NYCRR 130-1.3). Here, however, the named payor is a corporation. Thus, although, on the facts, a sanction against Centrum's attorneys in the amount of $3,500 would be appropriate, because it is unclear whether the court misnamed the payor or the payee, the matter is remitted for clarification.

We have considered Centrum's remaining contentions and find them to be without merit. Miller, J. P., Thompson, Ritter and Krausman, JJ., concur.