■ LINDA A. HART, Respondent, v CITY OF ALBANY, Appellant. [706 NYS2d 535] —Mercure, J. P. Cross appeals from an order of the Supreme Court (Teresi, J.), entered July 26, 1999 in Albany County, which partially denied defendant's motion for summary judgment dismissing the complaint.

This action arises out of an October 20, 1996 occurrence at Child's Nursing Home in the City of Albany. After plaintiff had been requested to leave the premises, a police officer employed by defendant arrested plaintiff for criminal trespass. As the officer approached her, plaintiff put her hand in her purse to turn on a tape recorder. Apparently threatened by plaintiff's action, the officer grabbed her hand, which still held the tape recorder, and handcuffed her, causing the tape recorder to fall to the ground. Plaintiff alleges that when the tape recorder was returned to her the next day, it was inoperable and portions of the tape had been erased. Plaintiff thereafter brought this action, alleging infringement of her Federal and State constitutional rights, false arrest and imprisonment, assault, battery, conversion and intentional infliction of emotional distress. Following joinder of issue and plaintiff's conviction of trespass in connection with the underlying incident, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion to the extent of dismissing all but the fifth cause of action, alleging conversion based on the damage to plaintiff's tape recorder and partial erasure of the cassette tape. The parties cross-appealed. Because plaintiff failed to perfect her appeal, we will consider only defendant's claim that Supreme Court erred in refusing to dismiss the fifth cause of action.

We agree with defendant's contention and modify Supreme Court's order accordingly. "Conversion is any unauthorized exercise of dominion or control over property by one who is not the owner of the property which interferes with and is in defiance of a superior possessory right of another in the property" (*Meese v Miller*, 79 AD2d 237, 242). In support of its summary judgment motion, defendant presented plaintiff's deposition testimony in which she indicated that she did not know how her tape recorder had been broken or how the tape came to be erased. She acknowledged, however, that the tape recorder fell to the ground during the course of her arrest and was still recording at the time she was arrested. According to the complaint, "[p]laintiff's cassette tape was erased on the side that [p]laintiff had been recording on immediately prior to her

seizure and arrest by [the] police officer". Inasmuch as plaintiff's own pleadings and testimony present a rational explanation for the damage to the tape recorder—it fell to the ground during plaintiff's legal arrest—and the erasure of material on the tape—plaintiff recorded over it—and plaintiff having presented no evidence that the damage occurred while the property was in defendant's control, we conclude that there is nothing but speculation to support a finding that defendant was responsible for the damage (*see, Perez v Morse Diesel*, 258 AD2d 428; *Silva v Village Sq.*, 251 AD2d 944, 945).

Crew III, Peters, Spain and Graffeo, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for summary judgment with regard to plaintiff's fifth cause of action; motion granted to that extent and said cause of action dismissed; and, as so modified, affirmed.