**FRINK AMERICA, INC., Plaintiff–Counter Defendant–Appellant,**

v.

**CHAMPION ROAD MACHINERY LTD., Defendant–Counter Claimant–Appellee.**

**Docket No. 01–9008.**

United States Court of Appeals, Second Circuit.

Aug. 22, 2002.

---

chinery, Ltd. ("Champion"), and appeals also from the Decision and Order of August 23, 2001 ("Aug. 23 Decision & Order"), granting Champion's motion for a new trial.

## I. Background

This case presents the single issue of whether Champion intentionally converted certain tangible property over which Frink America had legal title or a superior possessory right when Champion acquired the assets of Frink Canada, Ltd. ("Frink Canada") out of receivership in 1994. Familiarity with the facts of the underlying transactions giving rise to this action is presumed. *See Frink Am., Inc. v. Champion Road Mach., Ltd.*, 216 F.3d 1072 at –– –– –– (2d Cir.2000) (*"Frink I"*) (unpublished summary order).

The procedural history relevant on appeal goes back to Frink America's filing of several claims from 1994 through 1996 against Champion for federal and state trademark infringement, federal and state trademark dilution, misappropriation of trade secrets, conversion, tortious interference with business relations, trade dress infringement, federal and state unfair competition, copyright infringement under Canadian law, and breach of contract.

In several rulings, the District Court granted summary judgment in favor of Champion on all claims. In an opinion of August 6, 1999, the District Court eliminated Frink America's of unfair competition and of conversion, Frink America's last remaining claims against Champion. *Frink Am., Inc. v. Champion Road Mach. Ltd.*, 62 F.Supp.2d 679 (N.D.N.Y.1999). Frink America appealed.

We affirmed dismissal of the unfair competition claim and vacated the judgment insofar as it dismissed Frink America's conversion claim.[1] The District Court had

Paul Yesawich III, Harris Beach LLP, Pittsford, NY, for Appellant.

Lawrence K. Kolodney, Fish & Richardson, P.C., Boston, MA, for Appellee.

Present CABRANES, STRAUB and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Frink America, Inc. ("Frink America") appeals from the Order and Opinion of August 8, 2001 ("Aug. 8 Opinion & Order"), vacating a jury award in Frink America's favor and granting judgment as a matter of law to Champion Road Ma-

---

1. The Court of Appeals' unpublished summary order repeatedly emphasized that the

granted Champion summary judgment on Frink America's conversion claim on the basis that Frink America never had made a demand on Champion to return the property that it alleged Champion had converted. Finding in the record some support for a rational finding that Champion was not an "innocent purchaser" but intentionally converted the disputed property, we held that Frink America's failure to make a demand on Champion was not fatal to its conversion claim, discussed *post* at II.B, and we remanded the conversion claim for trial. *Frink I*, 216 F.3d 1072 at .

A jury trial was held from December 4–8, 2000, exclusively on whether Champion intentionally converted Frink America's tangible engineering drawings, jigs, and fixtures. (Aug. 8 Opinion & Order at 3). The jury held that Champion intentionally converted Frink America's property, awarding compensatory damages of $144,845 and punitive damages of $5.125 million. *Id.* at ————.

Following the verdict, the District Court, on Champion's motion, granted Champion judgment as a matter of law on liability and vacated the damages awards. *Id.* ————, ——. It further granted Champion's motion for a new trial on liability and on punitive damages should the District Court's grant of judgment as a matter of law on liability be reversed on appeal. (Aug. 23 Decision & Order at 1).

## II. Discussion

### A. Legal Standard

Judgment as a matter of law is warranted for the moving party only where, drawing all reasonable inferences regarding weight of evidence and credibility of witnesses in favor of the non-moving party, the evidence is insufficient for a reasonable jury to find in the non-moving party's favor. *Meloff v. New York Life Ins. Co.*, 240 F.3d 138, 145 (2d Cir.2001); *see also McCarthy v. N.Y. City Tech. Coll. of City Univ. of N.Y.*, 202 F.3d 161, 165 (2d Cir. 2000). In reviewing a district court's grant of judgment as a matter of law, we apply the same standard as the district court. Fed.R.Civ.P. 50(b). This is a "strict standard of review, [that] forbids substituting our judgment for the jury's." *Meloff*, 240 F.3d at 146.

### B. Conversion and Demand

Conversion is "any unauthorized exercise of dominion ... over property by one who is not the owner of the property [and] which interferes with ... a superior possessory right." *Hart v. City of Albany*, 272 A.D.2d 668, 706 N.Y.S.2d 535, 536 (3d Dep't 2000). Under New York law, in order for an action to lie in conversion, a plaintiff generally must make a demand for the return of the allegedly converted property and the alleged wrongful possessor must refuse (the requirements of "demand" and "refusal"), unless the plaintiff can show that the defendant knew that it

---

conversion claim did *not* encompass the intellectual property embodied in the engineering drawings but only the *"tangible* property" of the drawings themselves. 216 F.3d 1072 at —— (emphasis in original). We emphasized the *"tangible* property" of the drawings because the District Court previously had granted summary judgment in favor of Champion on all of Frink America's intellectual property claims. *See Frink Am., Inc. v. Champion Road Mach. Ltd.,* 48 F.Supp.2d 198 (N.D.N.Y. 1999) (granting summary judgment in favor

of Champion with respect to Frink America's claims of federal and state law trademark infringement and trademark dilution, copyright infringement, trade dress infringement, breach of contract, misappropriation of trade secrets, tortious interference with business relations, and federal unfair competition claims); *Frink Am.,* 62 F.Supp.2d at 685–86 (granting summary judgment to Champion on, *inter alia,* Frink America's state law unfair competition claims).

wrongfully possessed the property. *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.,* 87 F.3d 44, 49–50 (2d Cir.1996) (stating that, under New York law, "[t]he reason for this rule is simply that one in lawful possession shall not have such possession changed into an unlawful one until he be informed of the defect of his title and have an opportunity to deliver the property to the true owner") (internal citations and quotation marks omitted).

In *Frink I,* we held that Frink America's failure to make a demand would be excused *if* it could show that Champion knew that it wrongfully possessed Frink America's property (making demand superfluous). *Frink I,* 216 F.3d 1072 at ——. Because it is undisputed that Frink America did not demand that Champion return the engineering drawings, jigs, and fixtures, Frink America had to prove at trial that Champion (i) possessed tangible property legally belonging to Frink America, and (ii) knew that it unlawfully possessed that property.[2]

The evidence that Frink America adduced at trial and relies upon on appeal to carry its burden of proving that Champion knew it wrongfully possessed Frink America's property consists of testimony by David Lowry of a single conversation that Lowry, Frink America's owner and the former owner of Frink Canada, had with Arthur Church, a principal of Champion, in October of 1994, just before Champion purchased Frink Canada out of receivership. *Frink I,* 216 F.3d 1072 at ——. Lowry initially asserted in an affidavit that he informed Church in a phone call that "the intellectual property" belonged to Frink America, and that Church agreed that Frink America owned both the intellectual property and the drawings, jigs, and fixtures that are the subject of Frink America's conversion claim. *Id.* At trial, Lowry repeated his assertion about this conversation, although it bears underscoring that Lowry testified only that he told Church that the "intellectual property" belonged to Frink America. (Trial Transcript ("Tr."), direct testimony of David Lowry, 73). Lowry never testified at trial that Church, or anyone else at Champion for that matter, knew that Frink America's tangible property was stored at Frink Canada (if the property at issue indeed did belong to Frink America, a matter that is difficult to ascertain from the conflicting and ambiguous evidence presented by the parties).[3]

---

2. The District Court charged the jury to this effect, stating that:

> In this case, the parties agree that when [Champion] purchased the assets of [Frink Canada], it took possession of certain drawings, jigs, and fixtures relating to the manufacture of snow plows and parts. [Frink America] claims that some of these drawings, jigs, and fixtures never belonged to [Frink Canada] and instead belonged to *[Frink America].* [Frink America] further contends that *[Champion] knew,* at the time it purchased the assets of [Frink Canada], that the drawings, jigs, and fixtures belonged to [Frink America]. . . .
> If you find that [Frink America] has proven by a preponderance of the evidence that [Champion] *intentionally took possession* of [Frink America's] drawings, jigs, and fixtures and that [Champion] *knew* when it purchased the assets that [they] belonged to [Frink America], then your verdict will be for [Frink America].

Decision and Order of the District Court, dated August 9, 2001, at 17–18 (emphasis added).

3. The only other evidence adduced by Frink America with respect to Champion's knowledge of ownership is that many of the items in question either were marked with Frink America's unique numbering code or were stored in boxes and file cabinets labeled "American" or "Frink America." This evidence is inconclusive because it is undisputed that Frink Canada lawfully had made copies of Frink America drawings and jigs. The presence of a Frink American label or num-

In *Frink I*, we characterized this evidence—Lowry's assertion that he told Church that the intellectual property belonged to Frink America—as "exceedingly thin," "skimpy," and "convenient," but found that it sufficed to create a material issue of fact suitable for resolution at trial about whether Champion knew that it wrongfully possessed the property of Frink America. 216 F.3d 1072 at ——. Evidence barely sufficient to create an issue of fact well may not be sufficient to carry a burden of proof. Frink America's failure to adduce more than this at trial does not support a reasonable jury finding that Champion knew it wrongfully possessed Frink America's property.

Lowry also testified that he attempted to *conceal* the existence of the property from Champion. When asked at trial if he ever informed Champion of the existence of the American drawings at the Frink Canada plant, Lowry stated, "Of course not," because he "didn't want [anyone] to know about it." (Tr. 134). When counsel for Champion asked Lowry what he understood Church to have known about the ownership of the disputed property at any time relevant to the dispute, Lowry responded, "I can only guess." *Id.* at 135. It cannot be true both (1) that Frink America did not make a formal or explicit demand because Lowry already had informed Champion that it wrongfully possessed specific Frink America property *and* (2) that Frink America did not make such a demand because Lowry wanted to keep the same property a secret from Champion. Frink America defeats itself on this single point of demand with its internally contradictory evidence and argument. The logical inconsistency of Frink America's argument, combined with Lowry's own testimony tending only to show that Champion did *not* know it wrongfully possessed any property of Frink America, cannot support a conclusion that Frink America was excused from demand in this case. Frink America's failure to carry its burden of proving Champion's knowledge of wrongful possession is sufficient in itself to support entry of judgment as a matter of law in favor of Champion.

### C. Damages and New Trial Motion

The District Court's entry of judgment as a matter of law in favor of Champion moots the issue of damages—there can be no conversion damages where the plaintiff has not prevailed on the merits of the conversion claim. The District Court thus did not err in granting Champion's motions to vacate the jury's award of compensatory and punitive damages (which were inappropriate here in any event).

The issue of the District Court's order granting Champion's new trial motion is likewise moot, as the Court's order granting that motion only would have had effect if and when we reversed on the principal issue—judgment as a matter of law in favor of Champion.

### III. Conclusion

For the reasons stated above, the judgment of the District Court be and it hereby is **AFFIRMED**.

---

bering code therefore was not unique to property belonging to Frink America but also could have appeared on property belonging to Frink Canada. These labels certainly would not suffice, without more, to prove that Champion knew that any particular drawing, jig or fixture belonged to Frink America rather than to Frink Canada.