Prohealth Care Assoc., LLP v April (2004 NY Slip Op 50919(U))

[*1]

Prohealth Care Assoc., LLP v April

2004 NY Slip Op 50919(U)

Decided on August 18, 2004

Supreme Court, Nassau County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 18, 2004

Supreme Court, Nassau County
PROHEALTH CARE ASSOCIATES, LLP Plaintiff,
against
MAX APRIL, M.D. and ROBERT F. WARD, M.D., Defendants.
15830-03

COUNSEL FOR PLAINTIFF
Garfunkel, Wild & Travis, P.C.
111 Great Neck Road
Great Neck, New York 11021
COUNSEL FOR DEFENDANT
Shaub, Ahmuty, Citrin & Spratt, LLP
655 Third Avenue
New York, New York 10017

Leonard B. Austin, J.
Defendants, Max April ("Dr. April") and Robert F. Ward ("Dr. Ward"), move for an [*2]order pursuant to CPLR 3016(b), 3211(a)(1) and/or 3211(a)(7) dismissing the complaint.
BACKGROUND
Drs. April and Ward are medical doctors specializing in otolaryngology.
Plaintiff ProHealth Care Associates, LLP ("ProHealth") is a limited liability partnership engaged in providing medical care and services. ProHealth has partners and employees, who are doctors and other health care providers practicing in several medical specialties. As a result, ProHealth is able to provide its patients with primary and specialized medical care through one organization which is located in Nassau County.
By separate agreements dated March 1, 1998, Drs. April and Ward became partners in ProHealth and co-chiefs of its Division of Otolaryngology. Their partnership agreements were amendments to the master partnership agreement which contemplated adding new partners who specialize in different areas. By agreeing to be a partner in ProHealth, Drs. April and Ward agreed to be bound by the partnership agreement except as modified in their agreement.
The March 1, 1998 agreements provide that Drs. April and Ward would be working at ProHealth on a part-time basis. The March 1, 1998 agreement excludes from the restrictive covenant contained in the ProHealth master partnership agreement medical services rendered by Dr. April or Dr. Ward at their New York City office.
By letter dated June 4, 2003, Dr. April advised ProHealth that he was withdrawing as co-chief of the Division of Otolaryngology effective September 2, 2003.
His withdrawal from the partnership was acknowledged in a letter from the managing partner of ProHealth.
Dr. Ward has never submitted a letter or in any other way communicated to ProHealth that he was resigning as co-chief of ProHealth's Division of Otolaryngology.
Neither Dr. April nor Dr. Ward have submitted a writing indicating that they were resigning as partners of ProHealth.
As best can be determined from the papers, Drs. April and Ward, on an unstated date between June 4, 2003 and September 2, 2003, simply stopped coming to work at ProHealth's facilities. On an unstated date after June 4, 2003, Drs. April and Ward opened an office for the practice of medicine in Woodbury, New York.
ProHealth commenced this action seeking injunctive relief and to recover damages allegedly sustained as a result of the actions of Drs. April and Ward during, and subsequent to, their tenure at ProHealth. The complaint alleges seven causes of action. The first cause of action seeks injunction relief. The second through seventh causes of action seek money damages on various theories primarily involving alleged breaches of their fiduciary duty to ProHealth, fraud, unfair competition and breach of their obligations to ProHealth pursuant to the partnership agreement. Among Plaintiff's allegations, it is claimed that Drs. April and Ward took patient records and files as well as other proprietary information and used such information to solicit ProHealth patients.
ProHealth relies upon the ProHealth master partnership agreement and the agreements between ProHealth and Drs. April and Ward dated March 1, 1998 admitting them as partners. No execute copy of the Partnership Agreement has been submitted. In any event, Drs. April and Ward were not partners in ProHealth when the partnership was formed.
The parties concede that the relationship between Drs. April and Ward and ProHealth [*3]was governed by the Partnership Agreement and that Drs. April and Ward received their partnership draw in accordance with the terms of the Partnership Agreement.
DISCUSSION
A.Applicable Legal Standard
1. CPLR 3211(a)(1)
CPLR 3211(a)(1) provides for the dismissal of an action based upon documentary evidence. In order to obtain such a dismissal, the Defendant must establish that the documentary evidence conclusively establishes a defense to the action as a matter of law. Leon v. Martinez, 84 NY.2d 83 (1994). See also, 730 J & J LLC v. Fillmore Agency, Inc., 303 A.D.2d 486 (2nd Dept., 2003); and Berger v. Temple Beth-el of Great Neck, 303 A.D.2d 346 (2nd Dept., 2003).
2. CPLR 3211(a)(7)
CPLR 3211(a)(7) permits the court to dismiss an action or a cause of action contained in a pleading that fails to state a cause of action.
When deciding a motion made pursuant to CPLR 3211(a)(7), the court must accept as true all of the facts alleged in the complaint and any factual submissions made in opposition to the motion. 511 West 232rd Street Owners Corp. v. Jennifer Realty Co., 98 N.Y.2d 144 (2002); and Sokoloff v. Harriman Estates Development Corp., 96 N.Y.2d 409 (2001). The court must also give the pleader the benefit of every inference which may be drawn from the pleading. Leon v. Martinez, supra. See also, Dye v. Catholic Medical Center of Brooklyn & Queens, Inc., 273 A.D.2d 193 (2nd Dept., 2000).
When considering a motion made pursuant to CPLR 3211(a)(7), the court must read the complaint to determine if the plaintiff has any cognizable cause of action and not whether the cause of action has been properly plead. Guggenheimer v. Ginzburg, 43 N.Y.2d 268 (1977); and Rovello v. Orofino Realty Co., 40 N.Y..2d 633 (1976). See also, Frank v. DaimlerChrysler Corp., 292 A.D.2d 118 (1st Dept., 2002); and Kenneth R. v. Roman Catholic Diocese of Brooklyn, 229 A.D.2d 159 (2nd Dept., 1997).
While the allegations in the complaint are deemed true and afforded every favorable inference, legal conclusions and facts contradicted on the record are not entitled to such a presumption. In re Loukoumi, Inc., 285 A.D.2d 595 (2nd Dept., 2001); and Doria v. Masucci, 230 A.D.2d 764 (2nd Dept., 1996).
B. First Cause of Action - Injunctive Relief
The first cause of action seeks a preliminary and permanent injunction enjoining April and Ward from soliciting any of the patients they treated while partners in ProHealth; from soliciting business from any patients treated by other physicians at ProHealth; and from converting ProHealth's patient files.
The allegations relating to this cause of action are that the Defendants, as partners in ProHealth, owed ProHealth a fiduciary duty and duty of loyalty. ProHealth asserts that by taking patient files and soliciting patients of ProHealth, Drs. April and Ward violated this duty.
Plaintiff has not moved for a preliminary injunction. Thus, the only issue is whether ProHealth can obtain permanent injunctive relief.
The allegations in the complaint and the documentary evidence, which must be accepted as true for the purposes of this motion, allege that Drs. April and Ward are partners in ProHealth. As partners in ProHealth, they owed their other partners and the partnership a fiduciary duty and a duty of loyalty and good faith. Gibbs v. Breed, Abbott & Morgan, 271 A.D.2d 180 (1st Dept., 2000).
[*4]
However, a doctor's patients are not like customers of other businesses. The physician-patient relationship is confidential. CPLR 4504. Information provided by a patient to a physician for the purposes of obtaining treatment may not be revealed unless the privilege has been waived.
A limited liability partnership is a general partnership that acquires certain limited liability characteristics upon registration with the Secretary of State. Partnership Law §121-1500. See also, Matter of Joachim v. Flanzig, 3 Misc.3d 371 (Sup. Ct., Nassau Co. 2004); and 16 NY Jur2d Business Relationships §2271.
A partnership does not practice medicine and does not have patients. The physicians, who are partners in a medical practice such as Plaintiff, practice medicine and have patients. Lewis v. Clement, 1 Misc.3d 464 (Sup. Ct., Monroe Co. 2004). See also, United Calendar Manufacturing Corp. v. Huang, 94 A.D.2d 176 (2nd Dept., 1983). Therefore, the patients who Dr. April and/or Dr. Ward treated while they were partners in ProHealth are their patients. Drs. April and Ward cannot be enjoined or prevented from notifying their patients that they are no longer associated with ProHealth and providing those patients with their current office address. United Calendar Manufacturing Corp. v. Huang, id.
However, neither Dr. April nor Dr. Ward have the right to obtain the names and records of the patients who they did not treat at ProHealth where such patients were treated by other doctors or health care professionals of ProHealth. Nor may Defendants notify those patients that they have established a new office. Patient lists may be confidential information. Allan Dampf, P.C. v. Bloom, 127 A.D.2d 719 (2nd Dept, 1987). To the extent that ProHealth seeks to enjoin such use of its confidential information, the first cause of action states a cause of action upon which relief can be granted.
ProHealth also seeks to enjoin Drs. April and Ward from converting patient records. The issue in this regard relates to whether these are records of patients treated by Drs. April and Ward or whether these are records of other doctors' patients.
Medical records and notes which contain entries relevant to medical history, examination, treatment or care are the property of the doctor who provided the care or
treatment. Lewis v. Clement, supra; and In the Matter of Culbertson, 57 Misc.2d 391 (Surr. Ct. Erie Co. 1968).
Conversion involves exercising control over specific items of personalty contrary to the rights of the owner or one with a superior right of possession. Fiorenti v. Central Emergency Physicians, PLLC, 305 A.D.2d 453 (2nd Dept., 2003); and Hart v. City of Albany, 272 A.D.2d 668 (3rd Dept., 2000). Drs. April and Ward's records of treatment furnished to their patients while they were associated with ProHealth are their property. Drs. April and Ward cannot convert property which they own.
However, the papers before the Court do not indicate what records Drs. April and Ward took and which patients they solicited. If Drs. April and Ward solicited business only from their ProHelath patients and they only took the records of their ProHealth patients, then this cause of action is dismissible. However, at this stage, and in the absence of any proof to the contrary, the Court must infer that Drs. April and Ward solicited business from patients who were not their patients while they were partners in ProHealth and took records of patients who were not their patients while they were partners in ProHealth. Therefore, Defendants' motion to dismiss the first cause of action must be denied.
[*5]
C. Second Cause of Action - Breach of Fiduciary Duty
This cause of action is premised upon the Defendants establishing a competing practice; soliciting employees of ProHealth to join them in their Wooodbury office; failing to account for medical services rendered to Drs. April and Ward's ProHealth patients but billed through their New York Office; inducing ProHealth to enter into a long term lease to accommodate Defendants' practice; soliciting other ProHealth patients; importuning employees to copy their medical records; and in overdrawing their compensation.
Defendants assert that the second cause of action should be dismissed because it is duplicative of ProHealth's third cause of action which alleges a breach of contract. However, Defendants assert that the breach of contract cause of action dismissible because Plaintiff has failed to properly plead that cause of action. This is not the standard by which motions made pursuant to CPLR 3211(a)(7) are determined. The standard is not whether the cause of action has been properly pled, but whether Plaintiff states any legally cognizable cause of action. Morris v. Morris, 306 A.D.2d 449 (2nd Dept., 2003).
To the extent that the cause of action asserts that Defendants breached their fiduciary duty by setting up a competing business, the cause of action must be dismissed. In the absence of a restrictive covenant, one may establish a competing business unless trade secrets or fraudulent methods are used in the establishment of the competing business. NCN Company, Inc. v. Cavanagh, 215 A.D.2d 737 (2nd Dept., 1995); and Walter Karl, Inc. v. Wood, 137 A.D.2d 22 (1st Dept., 1988). One may establish a competing business before leaving one's current employment without breaching one's duty to one's current employer provided that the employee does not improperly use the employer's time, facilities or trade secrets. Wallack Freight Line, Inc. v. Next Day Express, Inc., 273 A.D.2d 462 (2nd Dept., 2000). See also, Beverage Marketing USA, Inc. v. South Beach Beverage Company, Inc., 2 A.D.3d 1009(A) (Sup. Ct., Nassau Co. 2004).
ProHealth alleges that Drs. April and Ward breached their fiduciary duty to ProHealth by opening a competing medical office. However, they are permitted to do this. The complaint and the affidavit of Dr. David J. Cooper, the managing partner of ProHealth, submitted in opposition to this motion, does not suggest that Drs. April or Ward used ProHealth's time or facilities in establishing their competing business. The complaint and Dr. Cooper's affidavit also fail to establish that either Dr. April or Dr. Ward used any of ProHealth's trade secrets in establishing their new office; with the possible exception of the patient list.
The March 1, 1998 agreements incorporate by reference the restrictive covenant provisions of ProHealth's partnership agreement. The ProHealth partnership agreement restrictive covenant prohibits Drs. April and Ward from practicing medicine within a ten mile radius of ProHealth's offices for a period of 2 years after their relationship with ProHealth terminates. ProHealth does not assert that Dr. April or Dr. Ward violated the restrictive covenant by opening their Woodbury office. The restrictive covenant does not contain a non-solicitation provision.
The second cause of action fails to state a claim upon which relief can be granted in connection with the allegations that they solicited employees of ProHealth to join them in their new practice. Plaintiff fails to set forth any case law or statutory authority which would prevent a partner who leaves a firm from asking other members or employees of the partnership from joining in the new business venture. See, Agency Development, Inc. v. Medamerica Ins. Co. Of NY, F.Supp. 2d , 2004 WL 1570259, *4 (WDNY 2004) (Plaintiff's assertion that these [*6]employees had 'fidiciary' duties does not make it so.")
The second cause of action is sustainable as to the allegation that Drs. April and Ward billed through their New York office for medical services to ProHealth patients. The March 1, 1998 agreements permitted the doctors to continue their New York City practice and to retain all of the income derived from that practice. However, the ProHealth partnership agreement required Drs. April and Ward to bill for medical services rendered to ProHealth patients through ProHealth. If Dr. April and/or Dr. Ward billed for services rendered to their ProHealth patients through their New York office, they would be violating their fiduciary obligations to ProHealth.
The fact that the allegations underlying the breach of fiduciary duty claim may overlap with the breach of contract claim does not require the dismissal of the breach of fiduciary duty claim. Parties may plead alternative and contradictory theories of liability. Raglan Realty Corp. v. Tudor Hotel Corp., 149 A.D.2d 373 (1st Dept., 1989); and CPLR 3014. The same conduct may constitute both a breach of contract and a breach of a fiduciary duty. See, Bender Ins. Agency, Inc. v. Treiber Ins. Agency, Inc., 283 A.D.2d 448 (2nd Dept., 2001); and Davis v. Dime Savings Bank of New York, 158 A.D.2d 50 (3rd Dept., 1990)
Thus, the allegation that Drs. April and Ward billed through their New York office for medical services rendered to their ProHealth patients could constitute both a breach of contract and a breach of their fiduciary duty.
The allegation that Drs. April and Ward induced ProHealth to enter into a long term lease for facilities in Smithtown are also sufficient to sustain a claim for breach of fiduciary duty. Members of a partnership owe each other a fiduciary duty. Birnbaum v. Birnbaum, 73 N.Y.2d (1989); and Gibbs v. Breed, Abbot & Morgan, supra. This requires that the partners to deal honestly and fairly with each other. See, Graubard, Mollen, Dannett & Horowtiz v. Moskovitz, 86 N.Y.2d 112 (1995). If Drs. April and Ward convinced ProHealth to enter into a long term lease for space in Smithtown and to incur expense to expand and upgrade the Smithtown facility at the same time that they were in the process of opening or planning to open their Woodbury office, they would have breached their duty to deal honestly and fairly with their remaining ProHealth partners.
As discussed in connection with the first cause of action, Drs. April and Ward can advise their patients of their new office location and they are entitled to the records of their ProHealth patients. However, taking the patient list and soliciting business from those patients of ProHealth that they did not treat could constitute a breach of their fiduciary duty. See, Stanley Tulchin Assoc., Inc. v. Vignola, 186 A.D.2d 183 (2nd Dept., 1992).
Finally, Drs. April and Ward overdrawing their earned compensations would be placing their personal private gain over that of the their partners and would constitute a breach of their fiduciary duty. See gen'lly, Gibbs v. Breed, Abbott & Morgan, supra.
D. Third Cause of Action - Breach of Contract
A cause of action for breach of contract must plead the terms of the contract, the consideration, performance by the Plaintiff and breach by the Defendant causing Plaintiff to sustain damages. Furia v. Furia, 116 A.D.2d 695 (2nd Dept., 1986). A partnership agreement is a contract between the partners. Levy v. Leavitt, 257 N.Y. 461 (1931). See also, Matter of Joachim v. Flanzig, supra.
 Defendants allege that this cause of action should be dismissed because the claim is not plead with sufficient particularity.
A reading of the complaint and Dr. Cooper's affidavit establishes sufficient particularity [*7]to plead a cognizable cause of action for breach of contract. The ProHealth partnership agreement permits partners to take a monthly draw against their estimated share of the partnership profits. The partnership agreement provides for a quarterly adjustment to reflect each partners' actual compensation. If Dr. April or Dr. Ward drew more than they were entitled to receive under the terms of the ProHealth Partnership Agreement and failed to adjust in accordance with the terms of the partnership agreement, they would have breached their contractual obligations under the partnership agreement.
Additionally, Paragraph 6.03 of the partnership agreement authorizes the partnership to bill for and collect all fees for medical services rendered to patients seen at or as a result of a doctor's affiliation with ProHealth. Dr. April and/or Dr. Ward's billing for medical services rendered to their ProHealth patients through their New York office would constitute a breach of the ProHealth partnership agreement by diverting fees due and owing to the partnership.
The documentary evidence does not conclusively dispose of ProHealth's claim for breach of contract. The provisions of the partnership agreement upon which Drs. April and Ward rely are taken out of context.
The third cause of action sufficiently pleads the necessary allegations to establish a cause of action for breach of contract.
E. Fourth Cause of Action - Conversion
The fourth cause of action alleges conversion by the Defendants in that they overdrew their compensation, billed through their New York office for medical services rendered to patients who the Defendants saw through ProHealth and took medical records belonging to ProHealth.
In order to establish a cause of action for conversion, a plaintiff must prove that it is the legal owner or has an immediate right of possession of tangible personal property or specific money and that the defendant's actions have interfered with plaintiff's rights of ownership or possession. Batsidis v. Batsidis, A.D.2d , 778 N.Y.S.2d 913 (2nd Dept., 2004); and Fiorenti v. Central Emergency Physicians, PLLC, supra.
Plaintiff's allegation that Defendants have overdrawn their compensation or billed for services rendered to patients seen at or through ProHealth are insufficient to support a cause of action for conversion since these allegations do not involve items of tangible personal property or specific money.
The allegations that Defendants have taken medical records to which they are not entitled are sufficient to support a claim for conversion since the medical records, to the extent that they are records relating to patients not treated by either Dr. April or Dr. Ward, are items of tangible personal property. However, as to these items, ProHealth lacks standing to bring a conversion claim. The medical records belong to those doctors who provided the medical services and not ProHealth. Lewis v. Clement, supra; and Matter of Culbertson, supra.
Therefore, the fourth cause of action fails to state a cause of action and should be dismissed.
F. Fifth Cause of Action - Unjust Enrichment
Unjust enrichment is based upon quasi-contract. Waldman v. Englishtown Sportswear, Ltd., 92 A.D.2d 833 (1st Dept., 1983). In this case, ProHealth's cause of action for unjust enrichment is founded upon Drs. April and Ward overdrawing their compensation and billing for services rendered to their ProHealth patients through their New York office. Both of these claims, if proven, constitute a breach of the partnership agreement and form one of the factual [*8]bases of the cause of action for breach of contract. Thus, ProHealth cannot recover for unjust enrichment.
Furthermore, in order to establish a prima facie case of unjust enrichment, the Plaintiff must prove that it performed services at the request or behest of the defendant that resulted in the defendant receiving an unjust benefit. See, Clark v. Daby, 300 A.D.2d 732 (3rd Dept., 2002); and Prestige Caterers v. Kaufman, 290 A.D.2d 295 (1st Dept., 2002). In this case, there are no such allegations.
While the cause of action is alleged as one for unjust enrichment, ProHealth's complaint alleges a cause of action for restitution. To establish a cause of action for restitution, the plaintiff must establish that the defendant received money from the plaintiff that in good conscience and equity the defendant should not be permitted to retain. Wiener v. Lazard Freres & Co., 241 A.D.2d 114 (2nd Dept., 1998); and Bello v. New England Financial, 3 Misc.3d 1109(A) (Sup.Ct., Nassau Co. 2004).
When considering a motion to dismiss for failure to state a cause of action, pursuant to CPLR 3211(a)(7), the court must determine if the pleader has a cause of action, not whether it has been properly pled or labeled. Guggenheimer v. Ginzburg, supra. In this circumstance, Plaintiff has set for the adequate allegations to support a claim for restitution. ProHealth's allegations are sufficient to support a claim that Drs. April and Ward received money from the Plaintiff in terms of compensation which they were not entitled to receive and which in good conscience they should not be permitted to keep.
Causes of action for recovery in breach of contract and quasi-contract may be pled in the alternative. Auguaston v. Spry, 282 A.D.2d 489 (2nd Dept., 2001).
G. Sixth Cause of Action - Patient List
The issues involving the patient list cannot be resolved on the pleadings. The patient list, to the extent that it includes patients of ProHealth who were not patients of Dr. April or Dr. Ward, could be confidential information. The use of the list could constitute unfair competition. See, Comprehensive Community Development Corp. v. Lehach, 223 A.D.2d 399 (1st Dept., 1996); and Allan Dampf, P.C. v. Bloom, supra. To the extent that Drs. April and Ward solicited business from those patients that they had treated at ProHealth, the patient list is not confidential or proprietary. However, to the extent that Dr. April and Dr. Ward took and used ProHealth's patient list relating to patients of other doctors and solicited business from them, they engaged in unfair competition. See, Stanley Tulchin Assoc., Inc v. Vignola, supra; and Greenwich Mills Co., Inc. v. Barrie House Coffee Co., 91 A.D.2d 398 (2nd Dept., 1983).
H. Seventh Cause of Action - Fraud
ProHealth maintains offices in Smithtown. Dr. April is alleged to have made told Dr. Cooper that he intended to build his practice with ProHealth and to do so he needed ProHealth to enlarge and upgrade its Smithtown facilities. As a result of Dr. April's representation, ProHealth upgraded and expanded its Smithtown facilities and entered into a long term lease for those facilities. Within days of the lease on the new facility going into effect, Dr. April withdrew from ProHealth and opened his Woodbury office.
ProHealth asserts that Dr. April made the representations to ProHealth regarding the need to enlarge and upgrade the Smithtown facilities at a time when he knew he was terminating his affiliation with ProHealth. ProHealth alleges that but for the request of Dr. April that it would not have expanded and upgraded its Smithtown facilities and that it would not have entered into a long term lease for these facilities.
[*9]
The elements of common law fraud are "representation of a material fact, falsity, scienter, deception and injury." Channel Master Corp. v. Aluminum Limited Sales, Inc., 4 N.Y.2d 403, 407 (1958). See also, Dalessio v. Kressler, 6 A.D.3d 57 (2nd Dept., 2004).
CPLR 3016(b) requires that fraud be stated "in detail." In order to meet the requirements, the complaint must state the claim of fraud with sufficient specificity to inform the defendant of the circumstances constituting the alleged fraud. Marshall v. Vilar, 303 A.D.2d 466 (2nd Dept., 2003). Absent an intent to deceive, statements as to actions one intends to take in the future are not actionable as fraud. Crafton Bldg. Corp. v. St. James Constr. Corp., 221 A.D.2d 447 (2nd Dept., 1995).
In this case, the circumstances constituting the alleged fraud are pled in sufficient detail to withstand a motion to dismiss. Dr. April's actual intent regarding his future plans, when he spoke with Dr. Cooper regarding ProHealth's need to expand and improve its Smithtown facilities, must be developed during discovery. At this stage of the action, the allegations are sufficient to sustain the cause of action.
I. Punitive Damages
Plaintiff seeks punitive damages on the second, fourth, sixth and seventh causes of action. As discussed herein, the fourth cause of action for conversion is being dismissed.
The second, sixth and seventh causes of action sound in tort. The second and sixth cause of action allege a breach of fiduciary duty and the seventh cause of action alleges common law fraud. To establish a claim for punitive damages in tort, plaintiff must establish that the defendant engaged in intentional or deliberate wrongdoing, the conduct includes aggravating or outrageous circumstances and the defendant had a fraudulent or evil motive or evidenced willful or wanton disregard for the rights of others. Don Buchwald & Assoc., Inc. v. Rich, 281 A.D.2d 329 (2nd Dept., 2001); and Swersky v. Dreyer & Traub, 219 A.D.2d 321 (1st Dept., 1996).
Punitive damages may be awarded in an action for breach of fiduciary duty or fraud. See, Sherry Assocs. v. Sherry-Netherlands, Inc. 273 A.D.2d 14 (1st Dept., 2000); U. S. Trust Corp. v. Newbridge Partners, L.L.C., 278 A.D.2d 172 (1st Dept., 2003); and Swersky v. Dreyer & Traub, supra.
The cases cited by the Defendants is support of their motion to dismiss Plaintiff's demand for punitive damages (New York University v. Continental Ins. Co., 87 N.Y.2d 308 [1995]; and Rocanova v. Equitable Life Assur Soc., 83 N.Y.2d 603 [1994]), establish the standard to be applied to sustain a claim for punitive damages in a contract action. However, these cases are inapplicable as a basis for the dismissal of a punitive damage claim in a tort action. The distinction between an award of punitive damages in contract and tort is clearly stated and explained in Sherry Associates v. Sherry-Netherlands, Inc., supra.
In this case, the complaint and the affidavit of Dr. Cooper submitted in opposition to Defendants' motion establish sufficient facts to withstand a motion to strike Plaintiff's punitive damages claim.
Accordingly, it is,
ORDERED, that Defendants motion to dismiss the complaint is granted to the extent that the fourth cause of action is dismissed and the second cause of action is dismissed to the extent that it alleges a violation of fiduciary duty for opening a competing business and for soliciting ProHealth employees to join the Defendants in their new business and is in all other respects denied; and it is further,
ORDERED, that Defendants' motion is in all other respects denied; and it is further,
[*10]
ORDERED, that counsel for the parties are directed to appear for a Preliminary Conference on September 14, 2004 at 9:30 a.m.
This constitutes the decision and Order of the Court.
Dated: Mineola, NY _____________________________
 August 18, 2004 Hon. LEONARD B. AUSTIN, J.S.C.