■ ANDREW FRANK, Doing Business as ANDREW FRANK INTERIOR DESIGN, Respondent, v HOWARD SOBEL, Appellant. [831 NYS2d 151]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered July 14, 2006, which to the extent appealed from, denied defendant's motion for partial summary judgment on his first counterclaim, and to dismiss the first, second and third causes of action of the complaint, unanimously modified, on the law, the first counterclaim dismissed, and otherwise affirmed, without costs.

This action involves the performance of interior design services by plaintiff with respect to the renovation of two of defendant's properties. The first counterclaim alleged breach of fiduciary duty by plaintiff. Since the purported agreement between the parties does not expressly or otherwise provide for either an agency or fiduciary relationship, the court must look to the relationship between the parties (*see EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19-20 [2005]). Here, no evidence has been presented by defendant to establish the existence of any fiduciary relationship between the parties (*see e.g. Mechigian v Art Capital Corp.*, 612 F Supp 1421, 1431 [SD NY 1985]; *cf. Kern v Currie Assoc.*, 220 AD2d 255 [1995]). Accordingly, defendant's first counterclaim for breach of fiduciary duty should have been dismissed.

There are material issues of fact, however, concerning the scope and nature of the services performed by plaintiff, which are the subject of the first cause of action for breach of contract. If it is indeed established that plaintiff supervised the implementation of his own designs for aesthetic purposes, and never performed or supervised any services that required the expertise of a licensed professional, the fact that he is not a licensed architect or home improvement contractor would not bar recovery of his fee (*SKR Design Group v Yonehama, Inc.*, 230 AD2d 533 [1997]).

Dismissal of the second and third causes of action (quantum meruit and unjust enrichment) was also properly denied since plaintiff at this juncture is entitled to pursue both contract and quasi contract claims, especially where, as here, defendant has denied the very existence of a contract between the parties (*see generally Raglan Realty Corp. v Tudor Hotel Corp.*, 149 AD2d 373, 375 [1989]). Defendant's argument that plaintiff's claims for equitable relief should be barred by the doctrine of unclean hands also presents issues of fact not amenable to summary disposition (*see Buller v Giorno*, 28 AD3d 258 [2006]). Concur—Tom, J.P., Sullivan, Nardelli, Gonzalez and Malone, JJ.