■ JOHN A. MCLAUGHLIN, Respondent, v ORTHOPEDIC & SPORTS MEDICINE, P.C., et al., Appellants. [874 NYS2d 209]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Alessandro, J.), dated January 7, 2008, as denied their motion for summary judgment dismissing the complaint and granted that branch of the plaintiff's motion which was for partial summary judgment dismissing their counterclaim and third affirmative defense.

Ordered that the order is affirmed insofar as appealed from, with costs.

In opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law, the plaintiff raised triable issues of fact as to whether he was a shareholder of the defendant Orthopedics & Sports Medicine, P.C. (hereinafter OSM), and a member of the defendant OSM Realty, LLC (hereinafter OSM Realty), and whether he was entitled to be compensated as such upon his departure from both entities.

The evidence submitted by the plaintiff indicated that he was compensated as a shareholder and member, participated as a shareholder and member in decisions regarding hiring, firing, and purchasing equipment, and was represented as a shareholder and member in OSM and OSM Realty tax returns (*see Moser v Devine Real Estate, Inc. [Florida]*, 42 AD3d 731, 733-734 [2007]; *Roth v Speilman*, 25 AD3d 383 [2006]). Accordingly, the defendants' motion for summary judgment dismissing the complaint was properly denied.

The plaintiff met his prima facie burden of establishing his entitlement to judgment as a matter of law dismissing the defendants' counterclaim by demonstrating that he did not misappropriate any trade secrets or engage in any fraudulent activity in setting up a competing medical practice (*see Walter Karl, Inc. v Wood*, 137 AD2d 22, 27 [1988]; *ProHealth Care Assoc., LLP v April*, 4 Misc 3d 1017[A], 2004 NY Slip Op 50919[U] [2004]). In opposition, the defendants failed to raise a triable issue of fact. Furthermore, the plaintiff met his prima facie burden of establishing that the doctrine of unclean hands, raised in the defendants' third affirmative defense, was inapplicable because the plaintiff did not act inequitably in establishing his competing medical practice (*see Tepfer v Berger*, 119 AD2d 668, 669 [1986]). In opposition, the defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for partial summary judgment dismissing the defendants' counterclaim and third affirmative defense.

The defendants' remaining contention is without merit. Spolzino, J.P., Santucci, Leventhal and Chambers, JJ., concur.