■ INDEPENDENCE DISCOUNT CORP., Respondent, v. JOSEPH BRESSNER et al., Appellants.— In an action, *inter alia*, to recover for conversion of the proceeds of the sale of secured merchandise, defendants appeal from a judgment of the Supreme Court, Nassau County, entered January 31, 1974, in favor of plaintiff after a nonjury trial. Judgment reversed, on the law, with costs, and complaint dismissed. Plaintiff financed the purchase of certain appliances by Bressner Colorvision Corp. In return, Colorvision granted a security interest to plaintiff in all its future inventory of Philco-Ford household appliances and in all proceeds of the sale or other distribution thereof. The inventory financing and security agreement provided that Colorvision had the right, in the regular course of its business, to sell the appliances covered by the security agreement, and obligated Colorvision to pay " all amounts due [plaintiff] with respect to the Products financed hereunder  *  *  *  immediately upon the sale or other disposition of such Products ". The agreement was silent as to whether Colorvision could commingle sale proceeds with its own funds. The effect of these provisions was that where an appliance was sold in the regular course of business the purchaser took free of plaintiff's security interest, but plaintiff obtained a perfected security interest in the proceeds (Uniform Commercial Code, § 9–306). The inventory was sold and the proceeds were commingled with the general corporate funds of Colorvision. Thereafter Colorvision went into bankruptcy. It appears uncontroverted that the balance in the corporate bank accounts has always been greater than the outstanding debt owed to plaintiff. Since plaintiff's security interest in the proceeds commingled in those accounts is limited by subdivision (4) of section 9–306 of the Uniform Commercial Code, the security interest has apparently been effectually extinguished and plaintiff, as a general creditor of Colorvision, will receive less than 100 cents on the dollar in payment of the debt. Accordingly, plaintiff instituted this action against the two principal officers and majority stockholders of Colorvision, seeking to recover for conversion of the proceeds of Colorvision's sales of appliances. Trial Term, in reliance upon *Hinkle Iron Co.* v. *Kohn*

(229 N. Y. 179, 183), held that defendants were personally liable to plaintiff for misapplication of the proceeds. We disagree. The rule is clear that, to establish a cause of action in conversion, the plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights (*Melnick* v. *Kukla,* 228 App. Div. 321, 323; *Hinkle Iron Co.* v. *Kohn, supra*; *Rothchild* v. *Schwarz,* 28 Misc. 521, 523). Tangible personal property or *specific money* must be involved (*Laurent* v. *Williamsburgh Sav. Bank,* 28 Misc 2d 140, 142). The security agreement did not impose a duty upon Colorvision to pay over to plaintiff the specific proceeds of the sale of each appliance covered by the agreement. Rather, it merely provided that upon such a sale, or other disposition of any of the secured products, Colorvision was obligated to immediately pay the "amounts due". Payment could be made from any fund and Colorvision was under no duty to segregate proceeds from its general corporate funds. This case is clearly distinguishable from *Hinkle Iron,* upon which Trial Term relied, because in that case the defendant corporate president was obligated to turn over a portion of a "designated fund" which had been assigned to the plaintiff, but he failed to do so and instead expended the fund on general corporate debts. Here, there was no specific fund from which payment had to be made, hence there could be no conversion. The judgment appealed from should therefore be reversed and the complaint dismissed. Cohalan, Acting P. J., Christ, Brennan, Munder and Shapiro, JJ., concur.