**U.S. METAL & COIN CO., Plaintiff,**

v.

**Gerald BURLOCK, Defendant.**

**No. 84 Civ. 1166.**

United States District Court,
E.D. New York.

Feb. 28, 1986.

Steven M. Kramer, Philadelphia, Pa., Barr & Bello, New York City, for plaintiff.

Elliott H. Pollack, New York City, for defendant.

**MEMORANDUM AND ORDER**

GLASSER, District Judge:

Plaintiff U.S. Metal & Coin Co. ("U.S. Metal") brought this action against defend-

ant Gerald Burlock alleging fraud and conversion. U.S. Metal alleges that Burlock fraudulently induced it to deliver its gold and silver to P.M.R.C. Corporation ("P.M.R.C."), which is now in bankruptcy proceedings. U.S. Metal further alleges that Burlock, a principal and officer of P.M.R.C., then converted the gold and silver to his own use. By Memorandum and Order dated May 1, 1985, I granted Burlock's motion for a more definite statement of U.S. Metal's fraud claim, but denied his motion to dismiss the conversion claim.[1] Burlock has now moved for summary judgment on both claims. In addition, U.S. Metal seeks leave to amend its complaint to add a RICO claim. For the reasons stated below, Burlock's motion is denied, and U.S. Metal's motion is granted in part and denied in part.

## I. *Motion for Summary Judgment*

### A. *Fraud*

■ A cause of action for fraud has five elements: "misrepresentation of a material fact, falsity of that representation, scienter, reliance and damages ..." *Mallis v. Bankers Trust Co.*, 615 F.2d 68, 80 (2d Cir.1980), *cert. denied*, 449 U.S. 1123, 101 S.Ct. 938, 67 L.Ed.2d 109 (1981). Burlock contends that U.S. Metal's allegations as to the first element, misrepresentation, are insufficient as a matter of law, citing the following principle:

A misrepresentation as to a fact not yet in existence, or as to something that has not happened or occurred, but which is merely a misrepresentation as to a future event that may or may not occur, can form no basis of actionable fraud, but the false representation, in order to constitute such fraud, must relate to some material past or existing fact.

24 N.Y.Jur., *Fraud and Deceit* § 43, at 77–78 (footnotes omitted). U.S. Metal, however, responds by citing the complementary principle that "[s]tatements or representations made with the knowledge or intention that they cannot or will not be

carried out can form the basis of fraud." *Id.* § 44, at 84–85 (footnote omitted). This latter principle is based on the "theory that a person's intention or belief is a matter of fact and that therefore if a misrepresentation is made with regard to it, the misrepresentation is one of fact." *Id.* § 44, at 83–84 (footnote omitted). Applying this principle to the allegations of U.S. Metal, it is clear that U.S. Metal has adequately pleaded the element of misrepresentation and that there remains a genuine issue of material fact precluding summary judgment. U.S. Metal alleges:

Prior to the shipment of the gold and silver defendant had represented to plaintiff that the plaintiff could safely deliver the precious metals to the defendant and that the defendant would refine the precious metals and hold them for further instructions.

Plaintiff's 3(g) Statement at ¶ 4. By itself, this statement could be read to allege only a prophecy or expectation on defendant's part not amounting to fraud. However, U.S. Metal also alleges that at the time these representations were made, Burlock "intended to convert the precious metals for his own benefit." *Id.* at ¶ 6. By this further allegation, U.S. Metal fulfills the requirement of alleging a misrepresentation as to an existing fact: Burlock's state of mind. Because "summary judgment is ordinarily inappropriate where an individual's intent and state of mind are implicated," *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985), Burlock's motion to dismiss this cause of action will be denied.

### B. *Conversion*

■ Defendant Burlock offers two arguments as to why U.S. Metal's cause of action for conversion should be dismissed. One argument stems from the bankruptcy proceedings involving P.M.R.C. Burlock relies on a decision of Bankruptcy Judge Cecilia H. Goetz which held that a shipment

---

1. I also granted the motion of defendants Freda Burlock and Stuart Serota to dismiss the fraud and conversion claims against them. *See* p. 40 *infra*.

of 500 ounces of gold from P.M.R.C. to Crescent Jewelry and Rare Coin Company, Inc. ("Crescent"), an Arizona corporation, at the end of May 1983, constituted a preference voidable under 11 U.S.C. § 547(b). *In re PMRC Corporation* 39 B.R. 912 (Bankr.E.D.N.Y.1984). Burlock points out that U.S. Metal has alleged in the bankruptcy proceeding that P.M.R.C. converted the gold that is at issue in this case, and that U.S. Metal has suggested, by affidavit, that its gold was included in the shipment to Crescent. Burlock argues that these allegations and Judge Goetz's ruling are inconsistent with U.S. Metal's contentions in this action. The Court is not persuaded by this argument. First, although U.S. Metal is entitled to recover its loss only once, there is no reason, at this stage, why it should be precluded from seeking recovery on alternative theories in the Bankruptcy Court and this Court. *Cf.* Fed.R.Civ.P. 8(a). Since this Court has already ruled that "an officer of a corporation may be directly liable for the conversion of the property of a third party even though the act was done for, and on behalf of the corporation," *U.S. Metal & Coin Co. v. Burlock, slip op.* at 5 (E.D.N.Y. May 1, 1985) [Available on WESTLAW, DCTU database], the two theories advanced by U.S. Metal are not mutually exclusive. Second, Judge Goetz's decision does not preclude this action either factually or legally. As a factual matter, Judge Goetz did not consider whether the gold sent from P.M.R.C. to Crescent did, in fact, include the gold P.M.R.C. had received from U.S. Metal. As a legal matter, Judge Goetz's conclusion that the transfer of gold to Crescent was in satisfaction of an antecedent debt as a matter of bankruptcy law is not inconsistent with a finding that the use of U.S. Metal's gold for that purpose constituted a conversion.

■ Burlock's second argument cites the rule that in an action for conversion, "[t]angible personal property or *specific money* must be involved." *Independence Dis-*

*count Corp. v. Bressner,* 47 A.D.2d 756, 365 N.Y.S.2d 44, 46 (2d Dep't 1975) (emphasis in original). This rule is of no assistance to Burlock. The cases that apply this rule stand for the proposition that for money (usually the proceeds of goods covered by a security agreement) to be the subject of an action for conversion, the plaintiff must be able to identify a specific fund. Burlock seeks to expand this proposition to apply to all fungible goods, specifically gold and silver. Burlock argues that if, as he asserts, he combined the gold and silver of U.S. Metal with the like metals of other customers, no action for conversion will lie. This result, which seems to imply that two conversions may be better than one, is wholly unsupported by the law.

Burlock's motion for summary judgment on the conversion claim will be denied.

## II. *Motion for Leave to Amend Complaint*

Plaintiff U.S. Metal, which had previously withdrawn a cause of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, now seeks to amend its complaint to reinstate that claim in light of the Supreme Court's decision in *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). Pursuant to Fed.R. Civ.P. 15(a), leave to amend "shall be freely given when justice so requires." However, "[a] trial court does not abuse its discretion in denying leave to amend a complaint which even as amended would fail to state a cause of action." *S.S. Silberblatt, Inc. v. East Harlem Pilot Block,* 608 F.2d 28, 42 (2d Cir.1979); *WIXT Television, Inc. v. Meredith Corp.,* 506 F.Supp. 1003, 1010 (N.D.N.Y.1980).

■ In order to state a civil RICO claim under 18 U.S.C. § 1964(c), a plaintiff must assert an injury to business or property by reason of a violation of 18 U.S.C. § 1962. In claiming a violation of § 1962(c),[2] the

---

**2.** 18 U.S.C. § 1962(c) provides:
It shall be unlawful for every person employed by or associated with any enterprise

engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the con-

only provision that is potentially applicable to the facts of this case, one must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, supra,* 105 S.Ct. at 3285 (footnote omitted). Considering P.M.R.C. to be the "enterprise,"[3] U.S. Metal's complaint is minimally sufficient to state a claim against Gerald Burlock for his alleged role in the fraudulent scheme described above. Burlock's use of the telephone in causing U.S. Metal to send its metals to P.M.R.C. may constitute acts of wire fraud and mail fraud sufficient to be considered a "pattern of racketeering activity."[4] *See, e.g., Beth Israel Medical Center v. Smith,* 576 F.Supp. 1061 (S.D.N.Y.1983) (separate acts of mail and wire fraud arising out of a common nucleus of facts may be considered separate predicate acts for the purpose of establishing a "pattern"). U.S. Metal's motion to amend the complaint to add a RICO claim against Gerald Burlock is therefore granted.

U.S. Metal's motion will be denied, however, insofar as it seeks to assert RICO claims against Freda Burlock and Stuart Serota and add them as defendants. In its prior Memorandum and Order, the Court dismissed all claims against these proposed defendants, finding with respect to the fraud claim that "[p]laintiffs amended complaint utterly fails to state how defendants Serota and Freda Burlock participated in the alleged fraud." *U.S. Metal & Coin Co. v. Burlock, supra, slip op.* at 7. U.S. Metal's proposed Third Amended Complaint does not remedy this defect. Nor does it provide any facts which, if proven, could support the conclusory allegation that these defendants conspired to violate the substantive provisions of § 1962 there-

by violating § 1962(d).[5] U.S. Metal's motion to amend the complaint with regard to these defendants will therefore be denied.

*Conclusion*

Gerald Burlock's motion for summary judgment is denied. U.S. Metal's motion for leave to amend its complaint is granted in part and denied in part.

SO ORDERED.

---

duct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

**3.** "Enterprise" is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal identity." 18 U.S.C. § 1961(4).

**4.** Mail fraud, defined in 18 U.S.C. § 1341, and wire fraud, defined in 18 U.S.C. § 1343, fall

within the definition of "racketeering activity" provided in 18 U.S.C. § 1961(1). Under 18 U.S.C. § 1961(5), a "pattern" "requires at least two acts of racketeering activity."

**5.** 18 U.S.C. § 1962(d) provides:

It shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section.