■ JANE L. RE et al., Respondents, v WILLIAM WEKSEL et al., Appellants, et al., Defendants.—In a limited partners' derivative action pursuant to Partnership Law § 115-a, the defendants William Weksel and Albert Bromberg appeal from

an order of the Supreme Court, Westchester County (Ruskin, J.), entered April 22, 1986, which denied their motion to dismiss the plaintiffs' amended complaint as against them, *inter alia,* on the ground that it failed to state a cause of action.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the first, second, seventh, eighth and ninth causes of action in the amended complaint are dismissed insofar as they are asserted against the defendants Weksel and Bromberg.

Assuming, arguendo, that the appellants owed the plaintiffs a fiduciary duty which they breached, the plaintiffs' seventh cause of action, insofar as it is asserted against the appellants, must be dismissed. A review of the complaint shows that although there is some language stating otherwise, the plaintiffs actually seek to recover funds belonging to the limited partnership in which they were limited partners. Such an action is derivative and the direct action asserted in the seventh cause of action here may not stand *(see, Blattberg v Weiss,* 61 Misc 2d 564, 570; *cf., Abrams v Donati,* 66 NY2d 951, 953, *rearg denied* 67 NY2d 758). Part of this action is based upon California law *(see, Shultz v Boy Scouts,* 65 NY2d 189, 196-198), and under its applicable provisions, the same result applies *(see,* Cal Corp Code §§ 15701, 15702; *O'Hare v Marine Elec. Co.,* 229 Cal App 2d 33, 39 Cal Rptr 799; *accord, Eagle v American Tel. & Tel. Co.,* 769 F2d 541, *cert denied* 475 US 1084).

The eighth and ninth causes of action, sounding in fraud and conversion, respectively, did not make out all the necessary elements of those types of actions, and thus must also be dismissed as against the appellants *(see, Channel Master Corp. v Aluminum Ltd. Sales,* 4 NY2d 403, 407; *Independence Discount Corp. v Bressner,* 47 AD2d 756, 757).

The plaintiffs' derivative action on behalf of CAD/CAM Partners, a limited partnership organized under the laws of California, must be analyzed under the laws of that State *(see, Schultz v Boy Scouts, supra,* at 196-198; *Strain v Seven Hills Assocs.,* 75 AD2d 360). Although the complaint alleges why the plaintiffs believe that a demand upon the general partner would be futile, it does not state that the limited partnership or the general partner were informed in writing concerning the ultimate facts of each action or that a true copy of the complaint was delivered to either the limited partnership or the general partner, as California law requires *(see,* Cal Corp

Code § 15702 [a] [2]). Therefore, the plaintiffs' first cause of action must be dismissed as against the appellants.

Finally, the plaintiffs' derivative action on behalf of CAD/CAM Associates, a New York limited partnership, must be dismissed, as the reasons given for the failure to make a demand upon that limited partnership were not sufficient to excuse their failure to do so (see, Partnership Law § 115-a [3]; cf., *Barr v Wackman,* 36 NY2d 371, 379). Lawrence, J. P., Eiber, Sullivan and Harwood, JJ., concur.