■ MADELINE COLOMBO, Respondent-Appellant, v SHARMAS REALTY, INC., et al., Respondents, and MICCICHE, INC., et al., Appellants-Respondents.—Order and judgment unanimously modified on the law and as modified affirmed with costs to plaintiff, in accordance with the following Memorandum: Defendant Raymond Micciche was the broker of record for Sharmas Realty, Inc., during the time that plaintiff was associated with Sharmas Realty. Thus, defendant is obligated to pay the commissions earned by plaintiff and paid to Sharmas Realty *(see,* Real Property Law § 442-a; *Boxhoorn v C.P. Realty Assocs.,* 145 Misc 2d 64, 66-67). The order and judgment must be modified, however, to grant only partial summary judgment to plaintiff because, on her motion for summary judgment, plaintiff failed to submit evidence that the sales she negotiated closed prior to the termination of her employment and that she negotiated gross sales totaling three million dollars during the year. Her contract with Sharmas Realty provided for payment to the salesperson of 70% of the commissions generated should she negotiate gross sales totaling three million dollars during the year, but "[i]f a salesperson leaves [the agency] for any reason, they will only receive a 50/50 commission split on any pending closings." The amount awarded, $11,843.30, represents 70% of the commissions and, consequently, the order and judgment is modified by reducing the award to 50%. Whether any or all of the negotiated sales closed before plaintiff terminated her employment with Sharmas Realty, whether she generated gross sales totaling three

million dollars during the year, and, thus, whether she is entitled to any greater award, are questions to be resolved at trial.

The court properly granted the motion of defendants Samuel and Sharon Pozzanghera and Sharmas Realty, Inc. They were not liable to plaintiff for the commissions earned by her because none of them was the broker of record with whom plaintiff associated *(see,* Real Property Law § 442-a). For the same reason, the court should have granted the motion of defendants Colleen Micciche and Micciche, Inc., for summary judgment dismissing the complaint against them and the order and judgment is modified accordingly. Plaintiff may not contravene the prohibition of Real Property Law § 442-a by characterizing the cause of action against defendants Colleen Micciche and Micciche, Inc., as one for conversion. The action remains one to recover compensation for commissions. There was no showing that the monies plaintiff seeks ever became her property and, thus, she could not maintain an action for their conversion *(see, Peters Griffin Woodward v WCSC, Inc.,* 88 AD2d 883). (Appeals from Order and Judgment of Supreme Court, Monroe County, Rosenbloom, J.—Summary Judgment.) Present—Callahan, J. P., Doerr, Boomer, Green and Balio, JJ.