■ SHERMAN H. YANUCK, Appellant, v MEDLYN ASSOCIATES, INC., et al., Respondents. [716 NYS2d 869] —In an action to re-

cover certain funds, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Werner, J.), dated August 17, 1999, which, after a nonjury trial, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The parties were involved in two enterprises, each established for the purpose of purchasing real property and selling those properties at a later date. Over the years, one of the enterprises thrived while the other did not. The defendants then transferred certain proceeds from the successful enterprise to keep the second one afloat before dividing the proceeds equally among the parties.

Contrary to the plaintiff's contention, a joint venture existed among the parties (*see, Tilden of N. J. v Regency Leasing Sys.,* 230 AD2d 784; *see also, Ackerman v Landes,* 112 AD2d 1081, 1082; *Davella v Nielsen,* 208 AD2d 494).

Further, contrary to the plaintiff's contention, the evidence at trial demonstrated that there was no wrongful taking on the part of the defendants (*see, Vigilant Ins. Co. v Housing Auth.,* 87 NY2d 36, 44; *Galtieri v Kramer,* 232 AD2d 369; 23 NY Jur 2d, Conversion and Action for Recovery, § 22, at 230-231, § 127, at 370).

As the defendants were authorized to possess the subject property, no conversion could occur absent the plaintiff's demand for the property and the defendants' refusal to provide it (*see, Boston Concessions Group v Criterion Ctr. Corp.,* 250 AD2d 435; *Matter of White v City of Mount Vernon,* 221 AD2d 345, 346). O'Brien, J. P., Goldstein, Florio and McGinity, JJ., concur.