■ DANIEL J. O'CALLAGHAN, Appellant-Respondent, v STEPFAMILY FOUNDATION, INC., et al., Respondents-Appellants, et al., Defendants. [739 NYS2d 609] —In an action, inter alia, to recover damages for breach of the fiduciary duty of confidentiality, (1) the plaintiff appeals (a), as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jones, J.), dated March 26, 2001, as granted that branch of the motion of the defendants Stepfamily Foundation, Inc., and Jeannette Lofas which was to strike scandalous and prejudicial matter contained in the complaint pursuant to CPLR 3024 (b), and denied those branches of his cross motion which were for summary judgment on the first and second causes of action insofar as asserted against those defendants, and (b) from an order of the same court, dated June 28, 2001, which denied his motion for injunctive relief against the defendants Stepfamily Foundation, Inc., and Jeannette Lofas, and (2) the defendants Stepfamily Foundation, Inc., and Jeannette Lofas cross-appeal, as limited by their brief, from so much of the order dated March 26, 2001, as denied those branches of their motion which were to dismiss the first and second causes of action insofar as asserted against them.

Ordered that the order dated March 26, 2001, is reversed insofar as cross-appealed from, on the law, those branches of the motion of the defendants Stepfamily Foundation, Inc., and

Jeannette Lofas which were to dismiss the first and second causes of action insofar as asserted against them are granted, the complaint insofar as asserted against those defendants is dismissed, and the action against the remaining defendants is severed; and it is further,

Ordered that the appeal by the plaintiff from so much of the order dated March 26, 2001, as granted that branch of the motion of the defendants Stepfamily Foundation, Inc., and Jeannette Lofas which was to strike scandalous and prejudicial matter contained in the complaint pursuant to CPLR 3024 (b) is dismissed, as no appeal as of right lies therefrom (see CPLR 5701 [b] [3]), and leave to appeal has not been granted; and it is further,

Ordered that the appeals by the plaintiff from so much of the order dated March 26, 2001, as denied those branches of his cross motion which were for summary judgment on the first and second causes of action insofar as asserted against the defendants Stepfamily Foundation, Inc., and Jeannette Lofas, and from the order dated June 28, 2001, are dismissed as academic in light of our determination of the cross appeal from the order dated March 26, 2001; and it is further,

Ordered that the defendants Stepfamily Foundation, Inc., and Jeannette Lofas are awarded one bill of costs.

The Supreme Court should have granted that branch of the motion of the defendants Stepfamily Foundation, Inc., and Jeannette Lofas (hereinafter the defendants) which was to dismiss the first cause of action to recover damages for breach of the fiduciary duty of confidentiality. The plaintiff's statements were not intended to be confidential (see Lightman v Flaum, 278 AD2d 373), and any alleged privilege was waived (see Shepard v Roll, 278 AD2d 755; Baecher v Baecher, 58 AD2d 821).

The Supreme Court also should have granted that branch of the defendants' motion which was to dismiss the second cause of action to recover damages for conversion. In support of that cause of action, the plaintiff was required to show that the defendants exercised unauthorized dominion over his property to the exclusion of his rights (see Yanuck v Medlyn Assoc., 277 AD2d 223, 224; El-Khoury v Karasik, 265 AD2d 372; Matter of White v City of Mount Vernon, 221 AD2d 345). The plaintiff made no such showing here. Altman, J.P., Krausman, Goldstein and H. Miller, JJ., concur.