■ SALVATORE FIORENTI et al., Respondents, v CENTRAL EMERGENCY PHYSICIANS, PLLC, et al., Appellants. [762 NYS2d 402] —In an action, inter alia, to recover damages for breach of contract and conversion, the defendants appeal, as limited by their brief, from so much of (1) an interlocutory judgment of the Supreme Court, Nassau County (Austin J.), entered May 28, 2002, as, upon stipulated facts, is in favor of the plaintiffs and against them on the issue of liability on the cause of action alleging conversion, and (2) an order of the same court entered

December 2, 2002, as, upon reargument, adhered to the prior determination and purportedly denied that branch of their motion which was for leave to renew a prior motion to dismiss the complaint, which was denied in an order dated March 30, 2001.

Ordered that the interlocutory judgment entered May 28, 2002, is reversed insofar as appealed from, on the law, without costs or disbursements, and the cause of action alleging conversion is dismissed; and it is further,

Ordered that the appeal from so much of the order entered December 2, 2002, as, upon reargument, adhered to the determination made in the interlocutory judgment in favor of the plaintiffs and against the defendants on the issue of liability on the cause of action alleging conversion is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order entered December 2, 2002, as purportedly denied that branch of the defendants' motion which was for leave to renew the motion to dismiss the complaint, is dismissed, without costs or disbursements, as that branch of the motion remains pending and undecided (*see Katz v Katz,* 68 AD2d 536 [1979]).

The plaintiffs commenced this action contending, inter alia, that they were not paid bonuses due them pursuant to employment agreements with the defendant Central Emergency Physicians, PLLC (hereinafter CEP). In the complaint, they asserted causes of action alleging breach of contract, violation of the Labor Law, and conversion. After the parties submitted the controversy to the Supreme Court on stipulated facts, the court determined, inter alia, that the defendants were liable to the plaintiffs for conversion, since the defendant Theodore F. Packy was paid additional compensation for administrative hours beyond that which was contemplated by the employment agreements, thereby reducing the net practice revenues of CEP. Since the employment agreements provided that the net practice revenues were to be used in the formula for determining the plaintiffs' bonuses, the Supreme Court concluded that, by paying additional compensation to Packy, the defendants converted a portion of a specific fund to which the plaintiffs were entitled. Thereafter, the Supreme Court granted the defendants' motion for leave to reargue, but adhered to its determination that the defendants were liable to the plaintiffs for conversion.

"The rule is clear that, to establish a cause of action in conversion, the plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unautho-

rized dominion over the thing in question * * * to the exclusion of the plaintiff's rights * * * Tangible personal property or *specific money* must be involved" (*Independence Discount Corp. v Bressner,* 47 AD2d 756, 757 [1975] [citations omitted; emphasis in original]). The Supreme Court should have dismissed the plaintiffs' cause of action alleging conversion, since the plaintiffs never had title, possession, or control of the funds alleged to have been converted (*see Payne v White,* 101 AD2d 975 [1984]). To the extent that the Supreme Court found that the bonuses due the plaintiffs were improperly calculated pursuant to the employment agreements, such a finding establishes a breach of contract, upon which a conversion claim cannot be predicated (*see MBL Life Assur. Corp. v 555 Realty Co.,* 240 AD2d 375, 376 [1997]). Accordingly, the cause of action alleging conversion should have been dismissed.

The appeal from so much of the order entered December 2, 2002, as purportedly denied that branch of the defendants' motion which was for leave to renew a previous motion to dismiss the complaint must be dismissed, since the Supreme Court neither granted nor denied that branch of the motion and it remains pending and undecided (*see Icahn v Icahn,* 295 AD2d 567 [2002]; *Weitzenberg v Nassau County Dept. of Recreation & Parks,* 249 AD2d 538 [1998]; *Katz v Katz, supra*). Santucci, J.P., Luciano, Townes and Rivera, JJ., concur. [*See* 187 Misc 2d 805.]