■ GEORGIA BATSIDIS, Also Known as GERI BATES, et al., Appellants, v ARTHUR BATSIDIS, Respondent. [778 NYS2d 913]—

In an action, inter alia, for replevin, the plaintiffs appeal from an order of the Supreme Court, Nassau County (O'Connell, J.), dated October 11, 2002, which, among other things, granted the defendant's cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this action, inter alia, seeking the return of certain property that the defendant possessed which allegedly did not belong to him. The gravamen of the complaint sounded in replevin and conversion. The Supreme Court properly granted the defendant's cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).

"The rule is clear that, to establish a cause of action in conversion, the plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question . . . to the exclusion of the plaintiff's rights . . . Tangible personal property or *specific money* must be involved" (*Independence Discount Corp. v Bressner*, 47 AD2d 756, 757 [1975] [citations omitted]; *see Fiorenti v Central Emergency Physicians*, 305 AD2d 453, 454 [2003]). Moreover, a cause of action sounding in replevin must establish that the defendant is in possession of certain property of which the plaintiff claims to have a superior right (*see G&S Quality v Bank of China*, 233 AD2d 215 [1996]).

Here, the Supreme Court properly dismissed the complaint because the plaintiffs failed to show that they had title, possession, or control of the funds alleged to have been converted or that they had a superior right to the property at issue.

The plaintiffs' remaining contentions are without merit. Santucci, J.P., Goldstein, Luciano and Mastro, JJ., concur.