■ ESTATE OF FANNIE GIUSTINO, Appellant, v ESTATE OF ANTHONY DELPIZZO, Respondent. [799 NYS2d 909]—

In an action, inter alia, to recover damages for conversion, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Schulman, J.), dated January 3, 2005, as denied its motion for summary judgment and for a turnover order pursuant to CPLR 5225 (a).

Ordered that the order is affirmed insofar as appealed from, with costs.

"The rule is clear that, to establish a cause of action in conversion, the plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question . . . to the exclusion of the plaintiff's rights" (*Independence Discount Corp. v Bressner*, 47 AD2d 756, 757 [1975]; *see Batsidis v Batsidis*, 9 AD3d 342, 343 [2004]; *O'Callaghan v Stepfamily Found.*, 292 AD2d 579, 580 [2002]).

Contrary to the appellant's contention, the Supreme Court correctly concluded that it failed to make a prima facie showing of entitlement to judgment as a matter of law and to possession of the disputed bank accounts by tendering sufficient evidence to demonstrate the absence of a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Moreover, in the absence of a judgment, the issuance of a turnover order was inappropriate (*see* CPLR 5255 [a]). Adams, J.P., Ritter, Goldstein and Fisher, JJ., concur.