■ MARC CASTALDI, Plaintiff, and MARC CONTRACTING, INC., Respondent, v 39 WINFIELD ASSOCIATES, Defendant, and JOHN D. LIUM, Appellant. [820 NYS2d 279]—

In an action, inter alia, to recover damages for breach of contract, the defendant John D. Lium appeals from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered September 27, 2005, as denied his cross motion, in effect, pursuant to CPLR 3211 (a) (7), to dismiss the seventh cause of action in the second amended complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the seventh cause of action in the second amended complaint is dismissed.

The appellant contends that the Supreme Court erred in denying his cross motion, in effect, to dismiss the seventh cause of action in the second amended complaint, which seeks to recover damages for conversion. We agree. To establish a cause of action in conversion "the plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question . . . to the exclusion of the plaintiff's rights" (*Batsidis v Batsidis*, 9 AD3d 342, 343 [2004] [internal quotation marks omitted]; *see Fiorenti v Central Emergency Physicians*, 305 AD2d 453 [2003]; *O'Callaghan v Stepfamily Found.*, 292 AD2d 579 [2002]; *Meese v Miller*, 79 AD2d 237, 242 [1981]). Accepting the facts alleged in the second amended complaint as true, and according the plaintiff the benefit of every favorable inference, as we must on a motion pursuant to CPLR 3211 (a) (7) (*see Leon v Martinez*, 84 NY2d 83 [1994]; *Morales v Copy Right, Inc.*, 28 AD3d 440 [2006]; *Fasano v Colon*, 27 AD3d 691 [2006]), we find that the conversion claim fails to state a cause of action. Although the plaintiff alleged a contractual right to payment for renovation work it performed on premises owned by the defendant 39 Winfield Associates, it

never had ownership, possession, or control of the proceeds realized from the sale of the renovated premises. Accordingly, the conversion claim asserted against the appellant, who allegedly had control over the sale proceeds, must fail (*see Batsidis v Batsidis, supra; Fiorenti v Central Emergency Physicians, supra; Colombo v Sharmas Realty*, 174 AD2d 985 [1991]; *Peters Griffin Woodward, Inc. v WCSC, Inc.*, 88 AD2d 883 [1982]). Mastro, J.P., Rivera, Skelos and Covello, JJ., concur.