■ Eight In One Pet Products, Appellant, v Janco Press, Inc., Respondent. [828 NYS2d 899]—

In an action, inter alia, to recover damages for conversion, the plaintiff appeals (1) from so much of an order of the Supreme Court, Suffolk County (Burke, J.), dated November 28, 2005, as denied that branch of its cross motion which was for summary judgment on the issue of liability on the seventh cause of action alleging conversion, and (2) from so much of an order of the same court dated February 7, 2006, as denied its motion, in effect, for leave to reargue that branch of the cross motion.

Ordered that the appeal from the order dated February 7, 2006 is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated November 28, 2005 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The plaintiff's motion, denominated as one for "renewal and/or reargument," was not based on new facts which were unavailable at the time of the original cross motion. The plaintiff merely submitted evidence as to the admissibility of a deposition transcript that it submitted on its prior cross motion. Moreover, the plaintiff failed to offer a valid excuse for its failure to present this evidence earlier. Therefore, the motion was, in effect, one for leave to reargue, the denial of which is not appealable (*see Rivera v Toruno*, 19 AD3d 473, 474 [2005]; *Koehler v Town of Smithtown*, 305 AD2d 550, 551 [2003]; *Sallusti v Jones*, 273 AD2d 293 [2000]).

To establish a cause of action to recover damages for conversion, "the plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question . . . to the exclusion of the plaintiff's rights" (*Independence Discount Corp. v Bressner*, 47 AD2d 756, 757 [1975]; *see Castaldi v 39 Winfield Assoc.*, 30 AD3d 458, 458 [2006]; *Estate of Giustino v Estate of DelPizzo*, 21 AD3d 523, 523 [2005]; *Batsidis v Batsidis*, 9 AD3d 342 [2004]; *Fiorenti v Central Emergency Physicians*, 305 AD2d 453,

454-455 [2003]). The plaintiff failed to make a prima facie showing of entitlement to judgment as a matter of law by eliminating any triable issue of fact with respect to its conversion cause of action (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Since the plaintiff failed to submit proof sufficient to establish its entitlement to judgment as a matter of law, the sufficiency of the defendant's opposition papers is irrelevant (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d at 853). Mastro, J.P., Krausman, Fisher and Lifson, JJ., concur.