■ NY MEDSCAN, LLC, Appellant, v JC-DUGGAN INC., Respondent. [837 NYS2d 80]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered November 15, 2006, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

In this action for breach of contract and conversion against a

facility that was storing MRI equipment plaintiff had contracted to purchase from the owner, the complaint was properly dismissed because plaintiff has no standing to maintain this action. Plaintiff conceded it never obtained title and ownership to the MRI equipment at issue, and thus relies upon its alleged status as a contract vendee to maintain this action pursuant to UCC 2-722. However, at the time defendant released the MRI equipment to a third party pursuant to the owner's direction on February 7, 2005, no valid contract was in effect between plaintiff and the owner to purchase the equipment. Plaintiff had failed to pay the balance due the owner, as well as the storage fees it also owed. Therefore, plaintiff was advised by the owner on February 1, 2005, that it was in breach of the contract, and had forfeited its right to purchase the equipment, as well as its deposit. Plaintiff thus cannot claim it was a contract vendee at any point after that date. Even assuming arguendo that plaintiff was somehow a contract vendee within the purview of the statute, plaintiff's rights in the MRI equipment were not superior to those of the actual owner. The owner of the equipment instructed defendant to release it to a third party, and plaintiff cannot assert any claim against defendant arising from the latter's adherence to those instructions.

Even assuming plaintiff has standing to maintain this action against the storage facility, plaintiff has failed to demonstrate a viable claim for conversion. To establish such a claim, a plaintiff must show legal ownership or an immediate superior right of possession to specifically identifiable property, and must demonstrate that the defendant exercised unauthorized dominion over that property to the exclusion of the plaintiff's rights (*Independence Discount Corp. v Bressner*, 47 AD2d 756, 757 [1975]). Here, it is undisputed that plaintiff did not legally own the MRI equipment, nor did it have an immediate and superior right to its possession over the legal owner. Moreover, since defendant acquired possession of the equipment with the permission of plaintiff and the owner, plaintiff cannot show that defendant exercised an unauthorized dominion over it. Defendant obtained the owner's express written permission to release the equipment to a third party, at a time when plaintiff no longer maintained any rights to it. Accordingly, any dominion exercised by defendant over the MRI equipment could not have been to the exclusion of plaintiff's rights.

We have considered plaintiff's remaining contentions and find them without merit. Concur—Mazzarelli, J.P., Friedman, Marlow, McGuire and Malone, JJ.