■ ERIC GOLDFINE et al., Appellants, v MICHAEL SICHENZIA et al., Defendants, and CATHERINE N. COUGHLIN et al., Respondents. [902 NYS2d 117]—

In an action, inter alia, to recover damages for fraud, the plaintiffs appeal from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated August 18, 2008, which, in effect, granted those branches of the motion of the defendant Catherine N. Coughlin which were for summary judgment dismissing the complaint insofar as asserted against her and the defendant Artesian Abstracts, Inc.

Ordered that the order is modified, on the law, by deleting the provisions thereof, in effect, granting that branch of the motion of the defendant Catherine Coughlin which was for summary judgment dismissing the complaint insofar as asserted against the defendant Artesian Abstracts, Inc., and substituting therefor a provision denying that branch of the motion and, upon searching the record, summary judgment is awarded to the defendant Artesian Abstracts, Inc., dismissing the complaint insofar as asserted against that defendant; as so modified, the order is affirmed, without costs or disbursements.

Contrary to the plaintiffs' contention, the Supreme Court properly awarded summary judgment to the defendant Catherine N. Coughlin—a shareholder of the defendant Artesian Abstracts, Inc. (hereinafter Artesian)—dismissing the causes of action for several accountings insofar as asserted against her (*see Akkaya v Prime Time Transp., Inc.*, 45 AD3d 616, 617 [2007]). The Supreme Court also properly awarded summary judgment to Coughlin dismissing the causes of action to recover money had and received, and to recover damages for conversion insofar as asserted against her since the plaintiffs failed to allege that Coughlin received money belonging to them (*see Matter of Witbeck*, 245 AD2d 848, 850 [1997]; *Rocks & Jeans v Lakeview Auto Sales & Serv.*, 184 AD2d 502 [1992]), and failed to allege their legal ownership or an immediate superior right of possession in the money they claim Coughlin converted (*see generally Castaldi v 39 Winfield Assoc.*, 30 AD3d 458, 458 [2006]; *Batsidis v Batsidis*, 9 AD3d 342, 343 [2004]). Coughlin thus established her prima facie entitlement to judgment as a

matter of law as to those causes of action and the plaintiffs failed to raise a triable issue of fact in opposition. Accordingly, Coughlin was entitled to summary judgment dismissing those causes of action insofar as asserted against her.

Coughlin also established her prima facie entitlement to judgment as a matter of law dismissing the remainder of the complaint insofar as asserted against her by demonstrating that the plaintiffs did not suffer any actual damages (see Goldfine v Sichenzia, 13 AD3d 411 [2004]; see also Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 31 AD3d 418, 422 [2006], mod 8 NY3d 438 [2007]). The plaintiffs failed to raise a triable issue of fact in opposition.

While Coughlin could properly make the motion on behalf of herself, she is not an attorney, so she could not make the motion also on behalf of Artesian (see CPLR 321 [a]). Accordingly, because Artesian was not a proper party to the motion, the Supreme Court erred in granting it relief pursuant to the motion. However, while relief should not have been granted to Artesian pursuant to the motion, this Court has the authority to search the record and award summary judgment to a nonmoving and nonappealing party with respect to an issue that was the subject of a motion before the Supreme Court (see Rivera v Port Auth. of N.Y. & N.J., 69 AD3d 917 [2010]; Madero v Pizzagalli Constr. Co., 62 AD3d 670, 673 [2009]; Holloway v State Farm Ins. Cos., 23 AD3d 617, 618 [2005]). Inasmuch as the claims asserted against Artesian are identical to those asserted against Coughlin, upon searching the record, we award summary judgment to Artesian dismissing the complaint insofar as asserted against that defendant (see CPLR 3212 [b]).

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.

Motion by the respondent Catherine N. Coughlin, on an appeal from an order of the Supreme Court, Putnam County, dated August 18, 2008, inter alia, to dismiss the appeal on the ground that the appellants did not serve the record and brief on a necessary party. By decision and order on motion of this Court dated August 25, 2009, that branch of the motion which was to dismiss the appeal on the ground that the appellants did not serve the record and brief on a necessary party was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers

filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which was to dismiss the appeal on the ground that the appellants did not serve the record and brief on a necessary party is denied. Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.