In the Matter of JOHN M. TUFARELLA et al., Appellants, v BETH CARTHEW et al., Respondents. [974 NYS2d 130]—

In a proceeding pursuant to CPLR 5225 and 5227 to direct Beth Carthew and Jeffrey Brett to turn over tangible and intangible assets belonging to King Quality Siding & Windows, Inc., that are in their possession or under their control, the petitioners appeal from (1) an order of the Supreme Court, Suffolk County (Martin, J.), entered January 11, 2012, which granted the motion of Beth Carthew and Jeffrey Brett to dismiss the proceeding as premature, and (2) a judgment of the same

court entered February 10, 2012, which, upon the order, is, in effect, in favor of Beth Carthew and Jeffrey Brett and against them dismissing the proceeding.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the proceeding (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On October 15, 1992, King Quality Siding & Windows, Inc. (hereinafter King Quality 1), was incorporated by its principals, Beth Carthew and Jeffrey Brett (hereinafter together the respondents). King Quality 1 is the owner of two federally registered trademarks used in commerce for roofing, siding, and cabinet resurfacing services.

On June 9, 2002, a vehicle owned by King Quality 1 was involved in a fatal motor vehicle accident at the intersection of Route 454 and Ocean Avenue in Bohemia, New York. In 2004, the persons injured in the accident and the representatives of the estates of those killed in the accident (hereinafter collectively the petitioners) commenced five separate personal injury actions against, among others, King Quality 1 and the driver of its vehicle. On September 13, 2004, the respondents incorporated another company, King Quality Construction, Inc. (hereinafter King Quality 2), to engage in the same business as King Quality 1. Although King Quality 1 and King Quality 2 were operated by the respondents from the same address, King Quality 2, without express permission from King Quality 1, assumed all the business, revenue, and profits of King Quality 1, and began to use all of the trademarks of King Quality 1. In 2009, the several petitioners secured four separate judgments by confession against King Quality 1 in connection with the various personal injury actions.

In 2010, after obtaining these money judgments, the petitioners commenced a proceeding to enforce the judgments against King Quality 1 and King Quality 2 (hereinafter the initial enforcement proceeding). In the initial enforcement proceeding, the petitioners alleged, inter alia, that, under the unique circumstances presented there, King Quality 2 was liable to King

Quality 1 for alleged infringements of King Quality 1's trademarks despite the overlapping control exercised by the respondents over both corporations (see 15 USC § 1114 [1] [a]). The petitioners averred that, in order to enforce their money judgments against King Quality 1, they should be allowed to stand in the shoes of King Quality 1 so as to permit them to commence an action seeking damages for trademark infringement against King Quality 2. On August 10, 2010, the Supreme Court conducted a hearing, and thereafter determined that the petitioners were indeed entitled to "stand in the shoes" of King Quality 1 in order to prosecute a trademark infringement action against King Quality 2.

On April 1, 2011, the petitioners commenced the instant proceeding pursuant to CPLR 5225 and 5227 against the respondents. The petitioners alleged that, in the initial enforcement proceeding, the Supreme Court had determined, on August 10, 2010, that King Quality 2 was liable for infringement of King Quality 1's trademarks and, based on that determination, the respondents were obligated to turn over, to the petitioners, any damages to which King Quality 1 might be entitled in any trademark infringement action.

The Supreme Court properly granted the respondents' motion to dismiss the petition in the instant enforcement proceeding on the ground that the proceeding was premature. Contrary to the petitioners' contention, in connection with the initial enforcement proceeding, there was no judgment entered on any cause of action to recover damages for trademark infringement as of August 10, 2010. The record reflects only that the Supreme Court allowed the petitioners to stand in the shoes of King Quality 1 in order to prosecute any trademark infringement cause of action that King Quality 1 may have against King Quality 2. The Supreme Court did not determine that there was actually an infringement of King Quality 1's trademarks or the extent of any statutory damages that may be recoverable. In the absence of a judgment against King Quality 2, this enforcement proceeding was properly dismissed as premature (see Estate of Giustino v Estate of DelPizzo, 21 AD3d 523 [2005]). Angiolillo, J.P., Hall, Austin and Miller, JJ., concur.