The motions to dismiss should have been granted since plaintiffs failed to state causes of action for misappropriation of trade secrets, conversion, trespass to chattel or replevin. During the course of a matrimonial action, defendant Simon and her attorneys, defendants Advocate, took and copied the computer hard drive of Linda’s husband, which plaintiffs allege contained, inter alia, plaintiffs’ trade secrets. Three days after the husband’s attorney demanded the return of the computer, it was given back. Assuming that the computer’s hard drive included such trade secrets, plaintiffs have failed to sufficiently allege that defendants used those trade secrets to gain an advantage over plaintiffs (cf. CBS Corp. v Dumsday, 268 AD2d 350, 353 [1st Dept 2000]). The second cause of action for conversion also fails since plaintiffs have not sufficiently alleged damages.
The cause of action alleging trespass to chattel is also not viable since there is no indication that the condition, quality or value of the computer, its hard drive, or any of the information on the computer was diminished as a result of defendants’ *566 duplication of the hard drive (see “J. Doe No. 1” v CBS Broadcasting Inc., 24 AD3d 215 [1st Dept 2005]). Finally, the replevin claim fails since plaintiffs have not sufficiently alleged that defendants continued to wrongfully retain the computer or plaintiffs’ proprietary information contained therein (see Batsidis v Batsidis, 9 AD3d 342 [2d Dept 2004]). Concur— Gonzalez, P.J., Friedman, Renwick, Freedman and Richter, JJ.