■ SOUTHEAST FINANCIAL, LLC, et al., Respondents, v BROADWAY TOWING, INC., Appellant. [984 NYS2d 606]—

In an action, inter alia, for replevin and related relief, the defendant appeals from an order of the Supreme Court, Nassau County (Goodstein, J.), dated February 1, 2013, which, among other things, granted the plaintiffs' motion, in effect, pursuant to CPLR 7102 for an order of seizure.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this action, inter alia, for replevin to recover possession of two vehicles that were purchased in Florida and later transported to New York. The plaintiffs moved, in effect, pursuant to CPLR 7102 for an order of seizure. The Supreme Court, among other things, granted the plaintiffs' motion.

"The action of replevin is essentially possessory in its nature" (*Roach v Curtis*, 191 NY 387, 390 [1908]; *see Americredit Fin. Servs., Inc. v Decoteau*, 103 AD3d 761, 762 [2013]). "A cause of action sounding in replevin must establish that the defendant is in possession of certain property of which the plaintiff claims to have a superior right" (*Nissan Motor Acceptance Corp. v Scialpi*, 94 AD3d 1067, 1068 [2012]; *see Batsidis v Batsidis*, 9 AD3d 342 [2004]).

"An order of seizure is not a final disposition of a matter but is a pendente lite order made in the context of a pending action where the movant has established, prima facie, a superior right in the chattel" (*Americredit Fin. Servs., Inc. v Decoteau*, 103 AD3d at 762; *see Staff v Hemingway*, 47 AD2d 709 [1975]). Pursuant to CPLR 7102, an application for an order of seizure must be supported by an affidavit that "clearly identif[ies] the chattel to be seized" and states, among other things, facts demonstrating "that the plaintiff is entitled to possession" of the chattel, that "the chattel is wrongfully held by the defendant," and that "no defense to the claim is known to the plaintiff" (CPLR 7102 [c]; *see TCF Equip. Fin., Inc. v Interdimensional Interiors, Inc.*, 109 AD3d 898, 899 [2013]; *Americredit Fin. Servs., Inc. v Decoteau*, 103 AD3d at 762; *Siemens Med. Solutions USA, Inc. v Magnetic Resonance Imaging Assoc. of Queens, P.C.*, 100 AD3d 620, 621 [2012]).

Here, in support of their motion, the plaintiffs submitted, among other things, evidence demonstrating that they have a

perfected security interest in the subject vehicles that is enforceable under Florida and New York law, that they are entitled to possession of the vehicles pursuant to the terms of two financing agreements entered into by the purchasers of the subject vehicles, and that there is no valid defense to their claim (*see* Vehicle and Traffic Law § 2118 [c]; Fla Stat § 319.27 [2]). Since the plaintiffs' evidence demonstrated that "it is probable [they] will succeed on the merits and the facts are as stated in the affidavit" (CPLR 7102 [d]), the Supreme Court properly granted the plaintiffs' motion, in effect, pursuant to CPLR 7102 for an order of seizure (*see TCF Equip. Fin., Inc. v Interdimensional Interiors, Inc.*, 109 AD3d at 899; *Siemens Med. Solutions USA, Inc. v Magnetic Resonance Imaging Assoc. of Queens, P.C.*, 100 AD3d at 621). Eng, P.J., Miller, Hinds-Radix and Maltese, JJ., concur.