**Brownell v Harris**

2025 NY Slip Op 31814(U)

May 19, 2025

Supreme Court, New York County

Docket Number: Index No. 653353/2024

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

------------------------------------------------------------------------------------X

THOMAS H. BROWNELL,

          Plaintiff,

     - v -

RICHARD HARRIS, SUZETTE HARRIS,

          Defendants.

------------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653353/2024 |
| **MOTION DATE** | 02/17/2025, 02/17/2025 |
| **MOTION SEQ. NO.** | 001 002 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 17, 18, 19, 20, 21, 50

were read on this motion to         DISMISS          .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 22, 23, 24, 25, 26, 51

were read on this motion to         DISMISS          .

   This action arises from a series of loan transactions and promissory notes between Plaintiff Thomas H. Brownell ("Plaintiff") and Defendants Richard Harris and Suzette Harris (collectively, "Defendants").  Plaintiff brings four claims for breach of contract and one claim for fraudulent inducement against Defendants.  Mr. Harris, acting *pro se*, moves to dismiss the fraudulent inducement claim against him.[1] For the reasons set forth below, Defendant's motion is **denied**.

---

[1] In his handwritten affidavit in support of his motion to dismiss (NYSCEF 18), Mr. Harris states that he also seeks dismissal of the fraudulent inducement claim against Mrs. Harris.  However, Mr. Harris is not an attorney and thus cannot represent Mrs. Harris or file a motion on her behalf (*Goldfine v Sichenzia*, 73 AD3d 854, 855 [2d Dept 2010] [holding that a non-attorney pro se

**653353/2024   BROWNELL, THOMAS H. vs. HARRIS, RICHARD ET AL**   **Page 1 of 4**
 **Motion No.  001 002**

1 of 4

## BACKGROUND

According to the Complaint, the operative Promissory Note ("Note") and Pledge Agreement in this action were executed on December 1, 2023 (NYSCEF 1 ["Compl"] ¶16, 21). Under those agreements, Defendants promised to repay Plaintiff $1,304,222.46 by June 30, 2024, with interest, and pledged their entire ownership interests in three business entities—Muino, Inc., R&R Rapido Corp. ("Rapido"), and Compass68 LLC— "to secure the repayment of all principal and interest due to or to become due" under the Note (*id*. ¶17-22). Defendants were also obligated to remit to Plaintiff all distributions made to them from those business entities, including from the sale of those entities, to repay any amounts due under the Note (*id*. ¶29).

Plaintiff alleges that Defendants breached the Note by failing to repay any portion of the principal or interest by the maturity date (*id*. ¶25-26). Plaintiff further alleges that Defendants breached the Pledge Agreement when they caused the sale of Rapido for $1.625 million (in installments) without Plaintiff's written consent, triggering an event of default pursuant to the agreement, and failed to remit to him any of the proceeds of the sale (*id*. ¶24, 28-30).

Finally, and as particularly relevant to the instant motion, Plaintiff asserts that Defendants fraudulently induced him to enter into the Note by misrepresenting that Defendants owned Rapido, when in fact, the company was owned by JSD (*id*. ¶56-61). In support of this claim, Plaintiff cites a Stock Purchase Agreement for the sale of Rapido between JSD and a third party--executed without Plaintiff's knowledge or consent--indicating that Defendants were not the owners of Rapido, despite their representation to the contrary.

---

litigant could not make a motion on behalf of another party]; *Blunt v N. Oneida County Landfill (NOCO)*, 145 AD2d 913, 914 [4th Dept 1988] [trial court erred in permitting husband "to appear his wife's behalf because he is not duly licensed to practice law in New York."]).

[* 2]

## I.    Defendant's motion should be dismissed

On a Defendant's motion to dismiss under CPLR 3211, the Court must accept the plaintiff's factual allegations as true, afford the pleadings a liberal construction, and accord plaintiff the benefit of every possible favorable inference (*Leon v. Martinez*, 84 N.Y.2d 83, 87-88 [1994]). As is often stated, "the court must 'determine only whether the facts as alleged fit within any cognizable legal theory'" (*Richards v. Sec. Resources*, 187 A.D.3d 452 [1st Dept. 2020], quoting *Leon*, 84 N.Y.2d at 87-88).

To plead a viable claim of fraudulent inducement, a plaintiff must allege: "1) a false representation of material fact, 2) known by the utterer to be untrue, 3) made with the intention of inducing reliance and forbearance from further inquiry, 4) that is justifiably relied upon, and 5) results in damages" (*MBIA Ins. Corp. v Credit Suisse Sec.* (USA) LLC, 927 NYS2d 517, 530 [Sup Ct 2011]).

Here, Plaintiff has sufficiently alleged that (1) Defendants falsely represented themselves as the owners of Rapido before entering into the Note; (2) Defendants knew their representation was false; (3) Defendants made the misrepresentation to induce Plaintiff to execute the Note; (4) Plaintiff relied on Defendants' representation when he executed the Note and he would not have done so had he known Rapido was owned by JSD; and (5) Plaintiff has suffered damages as a result of the misrepresentation. These factual allegations are sufficient to state a claim for fraudulent inducement.

In an affidavit in support of his motion to dismiss the fraudulent inducement claim, Mr. Harris states:

> THIS CASE IS ABOUT A PROMISSORY NOTE, AND PLAINTIFF, MY BROTHER IN LAW WAS FULLY AWARE OF CIRCUMSTANCES. I DO NOT UNDERSTAND HIS CLAIM FOR FRAUD AND DO NOT BELIEVE IT HAS ANY PLACE IN THIS

**653353/2024   BROWNELL, THOMAS H. vs. HARRIS, RICHARD ET AL**
**Motion No.  001 002**

**Page 3 of 4**

3 of 4

[* 3]

CASE. WE ARE WILLING TO DISCUSS A RESOLUTION OF THE CLAIMS, BUT AS PLAINTIFF KNOWS, WE DO NOT AND HAVE NOT MADE ANY MONEY ON HIS INVESTMENTS TO PAY HIM IN FULL. FROM WHAT I AM UNDERSTANDING THE COURT'S DECISION THAT'S ATTACHED SUPPORTS MY ARGUMENT.

(NYSCEF 18).[2] Essentially, Mr. Harris is disputing the veracity of the Complaint's factual allegations, which is not appropriate in the context of a motion to dismiss. Defendants are free to dispute Plaintiff's factual assertions at trial or potentially on a motion for summary judgment if the record evidence is conclusive. Accordingly, it is

**ORDERED** that Mr. Harris's motion to dismiss Plaintiff's fraudulent inducement claim is denied.

This constitutes the Decision and Order of the Court.

20250519164956JMCOHEN0489417A5ACE4294A7FFAF2E21DA6416

| **5/19/2025** | | | | JOEL M. COHEN, J.S.C. | |
|---|---|---|---|---|---|
| **DATE** | | | | | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

---

[2] Mr. Harris attached a decision from another proceeding (Index No. 652972/2024) concerning a separate promissory note that was executed by Plaintiff, on the one hand, and Mr. Harris and JSD, on the other (NYSCEF 21).

**653353/2024   BROWNELL, THOMAS H. vs. HARRIS, RICHARD ET AL** **Page 4 of 4**
**Motion No.  001 002**